517 So.2d 1282 (1987)
Emile A. LAMBERT, Jr.
v.
The BOARD OF TRUSTEES EMPLOYEES' RETIREMENT SYSTEM, CITY OF NEW ORLEANS.
No. CA-7473.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
*1283 Okla Jones, II, City Atty., Jackson P. McNeely, Deputy City Atty., Blaine G. LeCesne, Asst. City Atty., New Orleans, for defendant-appellee.
Charles P. Ciaccio, Wessel, Bartels & Ciaccio, Law Corporation, New Orleans, for plaintiff-appellant.
Before GARRISON, WILLIAMS and CADE, JJ.
WILLIAMS, Judge.
Plaintiff, Emile Lambert, was an employee of the City of New Orleans. Lambert was injured on the job in August of 1983. As a result of his injuries, Lambert was placed on worker's compensation by the City. Evidence in the record indicates that Lambert received compensation payments covering a period from August, 1983 through October 19, 1985.
On April 15, 1984, Lambert retired under the Accidental Disability provision of the Employees Retirement System for the City of New Orleans, defendant (hereinafter Retirement System). Lambert received Accidental Disability Retirement Allowance payments from April, 1984 until July 31, 1985.
By letter dated July 21, 1985, Lambert was informed that effective August 1, 1985 the payments under the Retirement System would be suspended since Lambert had received compensation retroactively from March 1, 1984 to March 30, 1985. The Retirement System relied on Section 55-56 of the Code of the City of New Orleans in support of its contention.
Following the termination of benefits, Lambert instituted a suit against the Retirement System seeking reinstatement of the Accidental Disability Retirement payments. Lambert claimed that the suspension of benefits was in violation of La.Rev. Stat.Ann. 23:1225.
Plaintiff's motion for summary judgment was denied. Following a trial on the merits, the trial court rendered judgment in favor of the Retirement System. Plaintiff appeals.
The plaintiff raises one assignment of error. He alleges that the district court erred in failing to find that La.Rev.Stat. 23:1225(C)(1) supercedes Section 55-56 of the City Code; and consequently, the court erred in failing to order a reinstatement of accidental disability retirement payments. Plaintiff argues that the question is one of preemption, asserting that a political subdivision cannot enact ordinances which are inconsistent with or are in contravention of a state policy. This court acknowledges that the assertion is true, see National Foods of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973); however, we pretermit the issue of preemption since we find that the problem before this court is one of statutory construction.
The provision of La.Rev.Stat. 23:1225 which plaintiff alleges is applicable to his case reads:
C. (1) "If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury."
Plaintiff would have this court find applicability in any case where the employee is receiving benefits from one of the four sources; thereby reading the statute as applicable when an employee receives benefits from sources (a), (b), (c), or (d). A *1284 careful reading indicates that by using the word "and" the statute is to apply only when an employee receives the benefits enumerated in (a), (b), (c), and (d), all four of the listed sources. Consequently, La. Rev.Stat. 23:1225(C)(1) is inapplicable to this case because plaintiff does not allege having received benefits from each source.
Because this court finds that the wording of the statute precludes its application, we find that section 55-56 of the Code of the City of New Orleans does apply to plaintiff's case.
Section 55-56 of the Code of the City of New Orleans, entitled effect of Workmen's Compensation and Social Security Payments on Allowances, reads in pertinent part:
Any amounts which may be paid or payable under the provisions of any workmen's compensation statute or similar law to a member ... on account of any accidental disability ... shall in such matter as the Board shall approve be offset against and payable in lieu of any benefits payable out of funds provided by the City under the provisions of the Retirement System on account of the same accidental disability....
The clear language of this ordinance requires that worker's compensation received by a qualified employee be offset against and paid instead of the retirement benefits.
At trial, a representative of the Employee's Retirement System for the City of New Orleans testified that if a qualified employee is receiving worker's compensation, retirement benefits would be suspended until the employee is no longer entitled to worker's compensation.
The witness testified that when compensation eligibility ends then retirement benefits begin. We find that this is the correct application of the ordinance and will not disturb the determination of the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.