559 So.2d 907 (1990)
Lynn Beaucoudray, Wife of/and James Edward KELTY, Jr., etc.
v.
Fred O. BRUMFIELD, M.D., et al.
No. 89-C-2398.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1990.
Kenneth V. Ward, Jr., Metairie, for respondents.
*908 Ambrose K. Ramsey, III, Baton Rouge, for relator.
LOBRANO, PLOTKIN and BECKER, JJ.
BECKER, Judge.
Plaintiffs filed a medical malpractice action against Dr. Fred Brumfield and Southern Baptist Hospital as well as the Louisiana Patient's Compensation Fund (LPCF). The doctor and the hospital settled the claims against them and the matter went to trial on November 17, 1987, against the LPCF apparently by stipulation. Judgment was rendered against the LPCF in the amount of $500,000.00, subject to a credit of $200,000.00. However, the trial court refused to award future medical expenses. Plaintiffs appealed the denial of future medical expenses and their right to a trial on quantum to contest the $500,000.00 limit on recovery in malpractice cases.
In Kelty v. Brumfield, 534 So.2d 1331 (La.App. 4th Cir.1988), writ denied 536 So.2d 1221, 1222 (La.1989), this court affirmed the denial of future medical expenses because plaintiffs' claim was filed prior to the 1984 amendment to the Medical Malpractice Act which allowed recovery of future medical expenses in excess of the $500,000.00 limitation. Regarding the constitutionality of the recovery limitation, this court noted its decision in Williams v. Kushner, 524 So.2d 191 (La.App. 4th Cir. 1988), writs granted 526 So.2d 785 (La. 1988) where it found the limitation constitutional and stated:
Plaintiffs argue that they should be allowed to proceed with a trial on the damage issue because they intend to contest the constitutionality of the five hundred thousand dollar limitation. This Court, in Williams v. Kushner, 524 So.2d 191 (La. App. 4th Cir.1988), writs granted 526 So.2d 785, has upheld the constitutionality of the statutory limitation. The Supreme Court has granted writs to consider this issue, but as of the date of this opinion no judgment has been rendered. Therefore, at this time, plaintiffs have no right to proceed further. However, should the Williams case be reversed, we reserve to plaintiffs the right to proceed to trial on the issue of quantum. (Emphasis added)
Kelty, supra, 534 So.2d at 1335.
The Supreme Court in Williams v. Kushner, 549 So.2d 294 (La.1989) affirmed this court's decision as it related to the constitutionality of the $500,000.00 limit on recovery, but further ruled that the plaintiffs were entitled to future medical expenses.
The court held:
In 1984, Act 435 enacted LSA-R.S. 40:1299.43 to provide that the cost of "future medical care and related benefits" is excluded from the $500,000 limitation on recovery in private sector claims. In 1985, the same exception was made with regard to malpractice claims against the state. However, the 1984 private sector act applies only to malpractice claims filed "on or after September 1, 1984," and would exclude the present claim. The 1985 act applies to "pending claims and litigation." Thus, if Mark Williams had been injured at birth in a state facility under the care of a state employee, his future medical expenses could be recovered. Because he was born in a private hospital under the care of a private physician, these expenses are legislatively placed in a different category. This anomaly is a clear violation of the Louisiana constitutional guarantee of equal protection.
Despite wording to the contrary, Act 435 of 1984 must be reformed to apply to claims and litigation pending when it was passed. Plaintiff here is entitled to a judgment for the benefits provided.
Id., 549 So.2d at 297. (Footnotes omitted)
On November 10, 1989, plaintiffs filed a rule to fix future medical expenses pursuant to Williams. The LPCF filed an exception of res judicata which the trial court denied.
The LPCF complains the trial court erred in denying its exception of res judicata because plaintiffs' right to seek future medical expenses was conclusively adjudicated in this court's prior decision in this *909 case. The LPCF further argues the Supreme Court decision in Williams did not reopen plaintiffs' right to seek future medical expenses since the only issue this court left open in the event of a reversal in Williams was the issue of "quantum."
In Kelty, the following was stated regarding plaintiffs' right to future medical expenses:
Plaintiffs have answered this appeal asserting they are entitled to a trial on the issue of future medical benefits.
Act 435 of 1984 provided for the payment of future medical care and related benefits in excess of the statutory limitation of five hundred thousand dollars. La.R.S. 40:1299.43. However, subsection (A)(6) provided that the Act would be applicable to all claims filed on or after September 1, 1984. In the instant case, plaintiffs filed their claim seeking a medical review panel on April 22, 1983. However, suit was filed in Civil District Court on August 23, 1985.
Plaintiffs argue their "claim" was filed when suit was instituted, not when they requested the medical review panel. In support thereof, plaintiffs contend that since the panel cannot award damages, but only render an expert opinion, their claim was not filed within the meaning of the act. We disagree.
A prerequisite to the assertion of all malpractice claims against health care providers who are covered by the Medical Malpractice Act is review by a medical review panel. La.R.S. 40:1299. 47(A)(2)(a). No action may be commenced in any court unless a claimant has presented his claim before a review La.R.S. 40:1299.47(B)(1)(a)(i). And, legal interest on any judgment accrues from the date of filing for a review panel. La.R.S. 40:1299.47(M).
We are satisfied that a "claim is filed" when a plaintiff files a request for a medical review under the provision of La.R.S. 40:1299.47. In order to pursue his claim under the malpractice act, he must comply with those provisions. And when he does so it begins the procedural mechanism which ultimately will resolve the matter. It constitutes the "filing of his claim" within the meaning of La.R.S. 40:1299.43(A)(6). We therefore agree that plaintiff is not entitled to future medical expenses.
This court's prior decision cannot be read as holding open the issue of plaintiffs' right to future medical expenses. This court definitively and without qualification disposed of the merits of the issue of future medical expenses. Plaintiffs were reserved only the right to proceed to trial on the issue of quantum exclusive of future medical expenses.
Therefore, res judicata applies since there is identity of parties, identity of the thing demanded and identity of cause. R.S. 13:4231 (formerly C.C. art. 2286). Even though Williams apparently makes this court's previous ruling incorrect, plaintiffs cannot avail themselves of this error to revive their claim. In Mai v. Mai, 419 So.2d 1251 (La.App. 3d Cir.1982), writ denied 420 So.2d 970 (La.1982) the Third Circuit, when the matter first came to them, ruled that a husband's military pension was community, not separate, property. After this decision became final, the United States Supreme Court, in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that military pensions were not community property. The husband then sought modification of the partition of the community property based on the Supreme Court's decision. The Third Circuit held that res judicata applied even though its original decision was based on an erroneous interpretation of the law.
As stated in Arceneaux v. Texaco, Inc., 424 So.2d 1107, 1109 (La.App. 1st Cir.1982), writ denied 429 So.2d 134 (La.1983):
A claim that a prior adjudication was in error is immaterial to the application of res judicata in a following proceeding so long as the requirements of res judicata are met. Valien v. Prather, 348 So.2d 229 (La.App. 3d Cir.1977), writ denied 351 So.2d 515 (La.1977).
Accordingly, relator's writ is granted and the exception of res judicata is maintained.