571 So.2d 181 (1990)
Otis C. BLANSON
v.
STATE of Louisiana, through the DEPARTMENT OF PUBLIC SAFETY.
No. 90-CA-1111.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1990.
Writ Denied January 31, 1991.
Edward J. Cloos, III, Metairie, for plaintiff/appellee.
William J. Guste, Jr., Atty. Gen., and Denis Paul Juge, Thomas M. Ruli, Sutherland, Juge, Horack & Dwyer, New Orleans, for defendant/appellant.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Defendant appeals from the trial court's granting of plaintiff's motion for partial summary judgment. For the reasons stated below, we reverse the judgment of the trial court.
On October 7, 1986, Otis Blanson was injured while in the course and scope of his employment with the State of Louisiana, Department of Public Safety (hereinafter "State"). Subsequently, the State began paying Blanson worker's compensation benefits in the amount of $261.00 per week, which was equivalent to two-thirds of Blanson's salary at the time of the injury. Sometime after his injury, Blanson applied for and began to receive disability retirement benefits from the State.
On January 12, 1990, Blanson filed a Petition for Worker's Compensation Benefits and for Declaratory Judgment alleging that his employer had ceased paying worker's compensation benefits. Further, plaintiff sought a declaration that La.R.S. 23:1225(C)(1) did not apply to his claim for benefits, as he was not receiving income *182 from each of the sources listed in the statute. Plaintiff subsequently filed a Motion for Partial Summary Judgment as to the action for declaratory judgment. On April 23, 1990, the trial court granted this motion, finding that La.R.S. 23:1225(C)(1) was inapplicable to plaintiff's claim.
On appeal, the State argues that the trial court incorrectly interpreted the statute. Defendant urges in brief that the statute as interpreted by the trial court leads to absurd consequences. Defendant contends that the statute is applicable to plaintiff's claim, and as such, defendant is entitled to a reduction in the amount of worker's compensation benefits being paid to this employee if he is receiving remuneration from one of the four sources listed in the statute. We agree.
Otis Blanson was injured on October 7, 1986. At that time, La.R.S. 23:1225(C)(1) provided in pertinent part:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana Worker's Compensation Law, (b) old age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by the employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced ..., so that the aggregate remuneration from (a) through (d) of this subsection shall not exceed 662/3 percent of the average weekly wages of the employee at the time of the injury.
In granting the summary judgment, the trial court relied on this court's previous decision in Lambert v. Board of Trustees Employees Retirement System, 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988). The issue in Lambert was whether La.R.S. 23:1225(C)(1) preempted a city ordinance which suspended disability retirement benefits when worker's compensation benefits were being paid to the employee. The court did not reach the preemption issue, but rather found that the city ordinance was properly applied so as to suspend the employee's retirement benefits until the employee was no longer entitled to worker's compensation.
In reaching this conclusion, the court stated that La.R.S. 23:1225(C)(1) was not applicable to Mr. Lambert's claim as he was not receiving benefits from all of the four sources listed in the statute. The court interpreted the statute, and the use of the word "and" therein, to require an employee to receive benefits from each of these sources, rather than from only one of the four, before the employer was allowed to reduce the amount of worker's compensation.
We find however that the Lambert court's interpretation of La.R.S. 23:1225(C)(1) did not embody the final resolution of the issue presented as to whether the state statute preempted the provisions of the city ordinance. We therefore consider this language to be dicta and not binding on the determination of the instant case. The trial court's reliance on the decision in Lambert was misplaced.
We must now determine whether the trial court in the instant case erred in holding that La.R.S. 23:1225(C)(1) prevents an employer from reducing the amount of worker's compensation paid when the employee is receiving benefits from only one other source, disability retirement benefits, rather than from all four of the listed sources. For the reasons set forth below, we find that the trial court's granting of plaintiff's motion for partial summary judgment was based on an erroneous interpretation of the meaning of this statute.
By Act 454 of 1989 effective January 1, 1990, the Louisiana legislature amended La.R.S. 23:1225(C)(1) to change the word "and" which precedes subsection (d) to "or." Thus, as the statute presently reads, an employer can reduce worker's compensation when the employee is receiving benefits from any one of the sources listed in the statute. We find that the law as amended accurately reflects the original meaning and intent of the statute.
Our interpretation of the statute and the recent amendment indicates that the word *183 "and" in the statute as originally written was improperly used, and the true intent of the legislature was to provide for the reduction of worker's compensation benefits if any one of the listed sources was being collected by the injured worker. The amendment merely clarified the language of the existing law, and thus the statute as amended to substitute the word "or" should be applied retroactively to the factual situation presented here. See, Dripps v. Dripps, 366 So.2d 544 (La.1978); Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La. App. 4th Cir.1986).
Under these circumstances, we conclude that the granting of a summary judgment on the issue of whether this statute applies to plaintiff's claim was inappropriate. The factual issue of whether plaintiff was receiving remuneration from any of the four sources listed in the statute remains at issue.
For the foregoing reasons, we reverse the judgment of the district court which grants plaintiff's motion for partial summary judgment, and remand this case for further proceedings consistent with this opinion. Each party is to bear its own costs of this appeal.
REVERSED AND REMANDED.