GARRISON, Judge.
Plaintiff, Bruce Dupre, filed a petition for worker’s compensation benefits on May 28, 1987 against the City of New Orleans for injuries sustained during the course and scope of his employment with the New Orleans Fire Department. The City of New Orleans is paying worker’s compensation benefits to plaintiff but this suit was filed because of plaintiff’s belief that he is entitled to more compensation than he is receiving. Plaintiff claims that he is entitled to more compensation because the City is incorrectly reducing his compensation benefits by the amount he receives in pension benefits pursuant to LSA-R.S. 23:1225(C)(1). Plaintiff claims that the other benefits that he receives are from a retirement plan rather than a disability plan and, therefore, do not fall within the ambit of LSA-R.S. 23:1225(0(1).
Plaintiff’s suit was consolidated with suits involving similar claims filed by the following employees of the New Orleans Fire Department against the City of New Orleans: Louis Pouey, Melvin Collongues, Bryan Boudreaux, Frank Staempfli, Louis Gentry, David Dolive, Gerald Raynal, Philip Grafe, Dennis Schulingkamp, Joe Wilder and Gerald Boesch. No testimony was offered in this case but certain stipulations were entered into evidence. On May 29, 1990, the trial judge rendered judgment in favor of the plaintiffs and reinstating full compensation benefits from the date plaintiffs’ benefits were terminated or reduced and ordering that these benefits continue until further notice. Plaintiffs were also awarded interest on benefits past due and all fees and costs of the proceedings. The City of New Orleans appealed the trial court judgment.
In her reasons for judgment, the trial judge stated that the only issue in this case is whether or not LSA-R.S. 23:1225(C)(1)[1] should be applied, i.e. whether plaintiff’s compensation benefits can be offset or terminated based on the receipt of another pension received through the firemen’s pension fund. The trial judge noted that the plaintiffs cited the case of Lambert v. Board of Trustees Employees’ Retirement System, City of New Orleans, 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988) which held that R.S. 23:1225(C)(1) allowed compensation benefits to be reduced only if a plaintiff receives benefits from all four other sources specified in the statute.
The trial judge then noted that this statute was subsequently amended in 1989, effective January 1, 1990, to state that a plaintiff’s compensation benefits could be reduced if a plaintiff receives benefits from any one of the four sources specified in *498 R.S. 23:1225(C)(1).[2] However, because the trial judge found that the amended statute constitutes a substantive change in the law, she found that it does not have retroactive effect. Therefore, the trial judge held that the provisions of R.S. 23:1225(C)(1) which were in effect prior to the 1989 amendment are applicable in this case and, therefore, plaintiffs’ compensation benefits cannot be reduced because plaintiffs receive benefits from their pension fund.
On appeal, the appellant argues that the trial court erred in finding that in this case, LSA-R.S. 23:1225(C)(1) required that appellees would have to be receiving benefits from all four sources enumerated in the statute prior to the 1989 amendment before the appellant could be entitled to reduce the amount of worker’s compensation benefits being paid to appellees. In support of its position, the appellant cites the recent case of Blanson v. State of Louisiana, through the Department of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1142 (La.1991) which noted that the 1989 amendment of LSA-R.S. 23:1225(C)(1) merely changed the word “and” which precedes subsection (d) to “or” so that the statute would state that an employer can reduce worker’s compensation benefits when the employee is receiving benefits from any one of the sources listed in the statute. In finding that the statute, as amended in 1989, reflected the original meaning and intent of the statute, this court stated:
“Our interpretation of the statute and the recent amendment indicates that the word ‘and’ in the statute as originally written was improperly used, and the true intent of the legislature was to provide for the reduction of worker’s compensation benefits if any one of the listed sources was being collected by the injured worker. The amendment ’ merely clarified the language of the existing law, and thus the statute as amended to substitute the word ‘or’ should be applied retroactively to the factual situation presented here. See, Dripps v. Dripps, 366 So.2d 544 (La.1978); Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4th Cir.1986).”
Therefore, because the Blanson case mandates that the amended version of R.S. 23:1225(C)(1) be retroactively applied in the instant case, the City of New Orleans is entitled to reduce the amount of worker’s compensation benefits paid to an employee when the employee receives remuneration from any one of the four sources listed in R.S. 23:1225(0(1).
However, because the record in this case is unclear as to whether the benefits received by appellees other than worker’s compensation benefits are retirement plan benefits or disability plan benefits, this case must be remanded to the trial court for a determination on this issue. If the second source of benefits is from a retirement plan, then the City is not entitled to offset its payment of worker’s compensation benefits. However, if the second source of benefits is from a disability plan, then the City is entitled to offset its payment of worker’s compensation benefits under LSA-R.S. 23:1225(C)(1) and the trial court must determine the amount of this offset based on the amount of disability plan benefits received by each appellee.
For these reasons, the trial court judgment is vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.
JUDGMENT VACATED; CASE REMANDED.

. Prior to the 1989 amendment, LSA-R.S. 23:1225(C)(1) stated as follows:
"C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana worker’s compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker’s compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury."

. LSA-R.S. 23:1225(C)(1), as amended in 1989, states as follows:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana Worker’s Compensation Law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by an employee, (c) benefits under disability benefit plans in the proportion funded by an employer, or (d) any other worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds of his average weekly wage.