587 So.2d 799 (1991)
Randy MATTHEWS, Plaintiff-Appellee,
v.
CITY OF ALEXANDRIA, Defendant-Appellant.
No. 90-345.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
Rehearing Denied November 13, 1991.
*800 Broussard, Bolton, Halcomb & Vizzier, Daniel Broussard, Alexandria, for plaintiff/appellee.
Gist, Methvin, Hughes & Munsterman, Steven Cook, Alexandria, for defendant/appellant.
Before FORET, DOUCET and CULPEPPER[*], JJ.
FORET, Judge.
This is a consolidated appeal filed by the City of Alexandria, defendant and appellant herein, from a judgment in favor of Randy Matthews and James Nugent, plaintiffs and appellees herein. The judgment of the trial court awarded plaintiffs supplemental earnings benefits but disallowed the City of Alexandria's prayer that it be granted a credit for disability retirement benefits drawn by the plaintiffs.
For the reasons stated below, we amend the judgment of the trial court insofar as it fails to allow appellant a credit for disability retirement benefits paid plaintiffs.[1]

FACTS
The facts are undisputed. Both Randy Matthews and James Nugent were injured while in the course and scope of their employment as firemen with the Alexandria Fire Department. Both plaintiffs were paid temporary, total disability benefits for a period of time and both subsequently took disability retirement from the Alexandria Fire Department and began receiving disability retirement benefits from the Alexandria Fireman's Pension and Relief Fund in an amount equal to two-thirds of their former monthly salaries. Both plaintiffs' weekly compensation benefits were terminated by their employer when they began receiving disability retirement benefits. Both plaintiffs made a demand upon defendant for weekly worker's compensation benefits after termination of these benefits, which demand was rejected by defendant.

ISSUE
Does La.R.S. 23:1225(C)(1) entitle the City of Alexandria to a credit against its worker's compensation liability for their disability retirement benefits received by plaintiffs?

DISCUSSION
The version of La.R.S. 23:1225(C)(1) in effect at the time of plaintiffs' injuries read, in pertinent part, as follows:
"C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana Worker's Compensation Law, (b) old age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by the employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced ..., so that the aggregate remuneration from (a) through (d) of this subsection shall not exceed 66 2/3 percent of the average weekly wages of the employee at the time of the injury."
The trial court, in following the Fourth Circuit case of Lambert v. Bd. of Trustees Emp. Ret. Sys., 517 So.2d 1282 (La.App. 4 Cir.1987), writ denied, 519 So.2d 771 (La. 1988), found that R.S. 23:1225(C)(1) would require the employee's receipt of benefits from all four sources listed, rather than from only one of the four sources, in order to trigger the employer's statutory right to reduction.
The trial court stated, in its reasons for judgment, "[t]hough the Court feels the result is both illogical and inequitable, several factors mandate such a result"; that result being that the City of Alexandria was not entitled to a reduction for disability retirement benefits paid plaintiffs. At *801 the time of trial, the trial court did not have the benefit of a more recent Fourth Circuit case, Blanson v. State, Dept. of Public Safety, 571 So.2d 181 (La.App. 4 Cir.1990), writ denied, 573 So.2d 1142 (La.1991), which, in distinguishing Lambert, stated:
"In granting the summary judgment, the trial court relied on this court's previous decision in Lambert v. Board of Trustees Employees Retirement System, 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988). The issue in Lambert was whether La.R.S. 23:1225(C)(1) preempted a city ordinance which suspended disability retirement benefits when worker's compensation benefits were being paid to the employee. The court did not reach the preemption issue, but rather found that the city ordinance was properly applied so as to suspend the employee's retirement benefits until the employee was no longer entitled to worker's compensation.
In reaching this conclusion, the court stated that La.R.S. 23:1225(C)(1) was not applicable to Mr. Lambert's claim as he was not receiving benefits from all of the four sources listed in the statute. The court interpreted the statute, and the use of the word `and' therein, to require an employee to receive benefits from each of these sources, rather than from only one of the four, before the employer was allowed to reduce the amount of worker's compensation.
We find however that the Lambert court's interpretation of La.R.S. 23:1225(C)(1) did not embody the final resolution of the issue presented as to whether the state statute preempted the provisions of the city ordinance. We therefore consider this language to be dicta and not binding on the determination of the instant case. The trial court's reliance on the decision in Lambert was misplaced.
We must now determine whether the trial court in the instant case erred in holding that La.R.S. 23:1225(C)(1) prevents an employer from reducing the amount of worker's compensation paid when the employee is receiving benefits from only one other source, disability retirement benefits, rather than from all four of the listed sources. For the reasons set forth below, we find that the trial court's granting of plaintiff's motion for partial summary judgment was based on an erroneous interpretation of the meaning of this statute.
By Act 454 of 1989 effective January 1, 1990, the Louisiana legislature amended La.R.S. 23:1225(C)(1) to change the word `and' which precedes subsection (d) to `or.' Thus, as the statute presently reads, an employer can reduce worker's compensation when the employee is receiving benefits from any one of the sources listed in the statute. We find that the law as amended accurately reflects the original meaning and intent of the statute.
Our interpretation of the statute and the recent amendment indicates that the word
'and' in the statute as originally written was improperly used, and the true intent of the legislature was to provide for the reduction of worker's compensation benefits if any one of the listed sources was being collected by the injured worker. The amendment merely clarified the language of the existing law, and thus the statute as amended to substitute the word `or' should be applied retroactively to the factual situation presented here. See, Dripps v. Dripps, 366 So.2d 544 (La.1978); Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4th Cir.1986)."
Id. at pp. 182, 183.
We agree with the Blanson Court's interpretation of La.R.S. 23:1225(C)(1) and the January 1, 1990 amendment by Act 454 of 1989.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed in part and amended as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Randy Matthews and against defendant, City of Alexandria, Louisiana, in the sum of $245.26 per week as supplemental earnings *802 benefit for a total of 520 weeks as provided by law for each week from October 2, 1986, together with legal interest from due date until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for all workmen's compensation benefits paid by it to Randy Matthews from October 2, 1986, through August 21, 1987, at the rate of $245.26 per week for a total of $9,872.43.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for the disability retirement benefits being paid to Randy Matthews in the proportion funded by the employer.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of James Nugent and against the City of Alexandria, Louisiana, in the sum of $248.30 per week as supplemental earnings benefits for a maximum of 520 weeks as provided by law for each week from October 31, 1987, together with legal interest from the due date of each payment until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for all Workman's Compensation Benefits paid by it to James Nugent from November 5, 1986 through October 31, 1987, at the rate of $248.30 per week for a total of $10,180.30.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for the disability retirement benefits being paid to James Nugent in the proportion funded by the employer.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the City of Alexandria, Louisiana, denying the claims of Randy Matthews and James Nugent for statutory penalties and attorney's fees.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs, Randy Matthews and James Nugent, are ordered to pay all costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Separate opinions will be rendered in the consolidated cases of Randy Matthews v. City of Alexandria, 587 So.2d 802 (La.App. 3 Cir.1991), and James Nugent v. City of Alexandria, 587 So.2d 803 (La.1991).