ARMSTRONG, Judge.
This case comes before us on remand from the Louisiana Supreme Court[1] for the limited purpose of determining whether plaintiff, Eugene V. Cousins, a disabled New Orleans firefighter, is receiving disability pension benefits, which serve to reduce his worker’s compensation benefits under La.R.S. 23:1225(C)(1), or tenure-based retirement pension benefits, which do not reduce compensation benefits.[2]
Plaintiff was hired as a firefighter by the City of New Orleans on October 12, 1961. On December 9, 1983 he was injured while *1109 in the course and scope of his employment with the fire department. Plaintiff retired from the fire department effective May 17, 1984, and began receiving disability benefits from the Firefighter’s Pension and Relief Fund. He received worker’s compensation benefits from the City from the date of his injury, December 9, 1983, through May 9, 1987, at which point the City ceased paying benefits, claiming an offset pursuant to La.R.S. 23:1225(C)(1), based upon his receipt of disability benefits.
After submission for informal resolution to the Office of Worker’s Compensation Administration, Louisiana Department of Labor, plaintiff filed the instant suit which was submitted for decision on the record, exhibits and stipulations of the parties. It was stipulated, among other things, that as a result of his work-related injury, plaintiff had sustained a permanent total disability. The trial court found that the City was entitled to an offset based upon disability benefits being received by plaintiff.
At the time of plaintiff’s injury and filing of his suit in district court, La.R.S. 23:1225(C)(1) of the Louisiana Worker’s Compensation Law provided:
If an employee receives remuneration from: (a) benefits under the Louisiana worker’s compensation law, (b) old-age insurance benefits by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker’s compensation benefit, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. (Emphasis added)
La.R.S. 23:1225(C)(1) does not provide for worker’s compensation benefits to be reduced or offset for tenure-based retirement pension benefits.
La.R.S. 33:2101 et seq. provides for the Firefighter’s Pension and Relief Fund for the City of New Orleans. La.R.S. 33:2117 provides that a firefighter may retire after at least twenty years service and receive as a pension one-half the salary he was receiving at the time of his retirement plus additional percentages for years of service beyond twenty years.
La.R.S. 33:2113 provides that upon application by a member who has been found to be physically or mentally permanently disabled and incapacitated from performing his duties as a member of the fire department, the member shall be retired. His name shall be placed on the pension roll and he shall be paid in monthly installments from the pension and relief fund a sum equal to two-thirds the monthly compensation allowed him as salary at the date of his retirement, or the amount provided in La.R.S. 33:2117, whichever is greater, provided the other conditions of La.R.S. 33:2117 are met.
The record contains the deposition of Bernard V. Nicolay, who was at that time secretary-treasurer and one of the ten members of the Board of Trustees of the Firefighter Pension and Relief Fund.
Nicolay stated that plaintiff elected to take a disability pension under La.R.S. 33:2113, but could have taken a tenure-based retirement pension under La.R.S. 33:2117. He began receiving $1,379.70 per month, which was 56.5 percent of his monthly salary at the time of retirement. At the time of trial, with annual cost-of-living increases of three percent, plaintiff was receiving $1,552 per month. Nicolay stated that plaintiff receives the same amount from his disability pension as he would have from a tenure-based retirement pension. Nicolay stated that the U.S. Internal Revenue Service exempts fifty percent of the disability pension as tax free. A tenure-based retirement pension would be fully taxable after plaintiff withdrew the amount he had contributed to the pension fund. Plaintiff had contributed $12,-752.90 into the fund at the time he took the disability pension. The figures show that he would have withdrawn that amount in the first year of his pension. Nicolay stated that the City contributed to the Fire *1110 fighter’s Pension and Relief Fund to fund plaintiffs disability pension.
Plaintiffs deposition was also contained in the record. Plaintiff readily admitted that he had taken a disability retirement pension rather than a tenure-based pension.
Under La.R.S. 23:1225(C)(1), once it is determined that an employee is entitled to worker’s compensation benefits, the burden is on the employer to establish that it is entitled to an offset. Holmes v. International Paper Co., 559 So.2d 970 (La. App. 2d Cir.1990). In the instant case, the burden was upon the City to establish that plaintiff was receiving remuneration from “benefits under disability benefit plans in the proportion funded by an employer.” Through the deposition testimony of Bernard Nicolay and plaintiff, the City made a prima facie case that plaintiff was receiving disability benefits from a plan funded in part by his employer. The burden then shifted to plaintiff to somehow distinguish these disability benefits as not being those which serve to offset worker’s compensation benefits under La.R.S. 23:1225(C)(1).
Plaintiff first cites La.R.S. 33:2117(A) which provides in part that “[a]fter twenty years continuous service a member shall not be deprived of his pension rights or death benefits.” Plaintiff submits that the reduction of his worker’s compensation benefits deprives him of his pension in derogation of the statute. We disagree. Plaintiff voluntarily elected to take a disability retirement pension. The incidental reduction of his worker’s compensation benefits is a result of his voluntary action. His pension rights have not been affected by La.R.S. 23:1225(C)(1). His right to worker’s compensation benefits has been affected by a policy decision made by the legislature, which created the worker’s compensation scheme. We find no merit to this distinction.
Plaintiff next attempts to distinguish his retirement benefits as “earned” remuneration, which he maintains is not subject to serving as an offset for worker’s compensation benefits. In the case of Talley v. Enserch Corporation, 508 So.2d 197 (La.App. 3rd Cir.1987), writs denied, 513 So.2d 289, 290 (La.1987), an employee received disability payments from a trust created by his employer. A representative of the trust testified that the disability benefits were earned by the beneficiary, and that they constituted partial remuneration for services rendered to the company.
In the instant case, unlike Talley, supra, plaintiff introduced no evidence characterizing the disability benefits as earned remuneration. Even though these disability benefits are provided to firefighters in consideration of their employment as firefighters, there is nothing to indicate the benefits are anything more than a simple fringe benefit. Plaintiff's contribution to the fund was minimal — five percent of his salary — and the statute only contemplates an offset to the employer in proportion to the employer’s contribution.
Plaintiff’s twenty-year plus tenure with the fire department affected his pension only insofar as, under La. 33:2113, he could receive a disability pension equal to his tenure-based pension. Thus, plaintiff was effectively able to take a tenure-based retirement pension, yet enjoy the beneficial tax consequences of a disability pension.
We find that plaintiff has failed to distinguish the disability benefits he is receiving as something other than benefits for which the City is entitled to an offset under La. R.S. 23:1225(C)(1).
Pursuant to direction by the Louisiana Supreme Court, we remand this case to the district court to allow the City a second opportunity to meet its burden of proving the proportionate amount it funded the disability benefits plan, and thus, the amount of the offset to which it is entitled under La.R.S. 23:1225(C)(1).
REMANDED.

. 584 So.2d 1145 (La.1991).

. In our original majority decision, this court held that regardless of whether the remuneration being received by plaintiff from the Firefighter’s Pension and Relief Fund was classified as a disability or tenure-based retirement pension, the City of New Orleans failed to meet its burden of proof to establish the proportionate amount it funded the pension, and thus, the amount by which it was entitled to reduce plaintiff s compensation benefits. 580 So.2d 536 (La. App. 4th Cir.1991). Implicit in the Supreme Court’s opinion was its agreement with our finding that the City failed to establish the proportionate amount it funded plaintiffs pension, or the amount by which it was entitled to offset plaintiffs worker's compensation benefits.