605 So.2d 1380 (1992)
Erika VALLERY, Plaintiff-Appellee,
v.
STATE of Louisiana, Through DEPARTMENT of HEALTH & HOSPITALS, Defendant-Appellant.
No. 91-326.
Court of Appeal of Louisiana, Third Circuit.
September 4, 1992.
Writ Denied December 11, 1992.
Bolen, Erwin, Johnson & Coleman, Michael Johnson, Alexandria, for state/appellant.
*1381 Broussard, Bolton, Halcomb & Vizzier, Daniel Broussard, Alexandria, for Vallery/appellee.
Before GUIDRY, STOKER, YELVERTON, KNOLL and COREIL[*], JJ.
YELVERTON, Judge.
This is an appeal filed by defendant-appellant, State of Louisiana, Through the Department of Health & Hospitals, from a judgment in favor of Erika Vallery, plaintiff-appellee. The judgment of the trial court ordered the defendant to resume the payment to plaintiff of the full amount of supplemental earnings benefits, together with penalties, attorney's fees, and costs. The appeal raises two issues: whether the State proved its entitlement to a credit provided by La.R.S. 23:1225 C(1); and, whether the State's reduction of benefits to give itself a credit was arbitrary, thereby invoking the award of penalties and attorney's fees.
We affirm the judgment of the trial court. The award of penalties and attorney's fees, based on a finding that the State was arbitrary in unilaterally reducing benefits, which was a finding of fact, was not manifestly wrong. As to the issue of entitlement to a credit, we reach the same ultimate conclusion as the trial court, but for different reasons. The trial judge held that the State was not entitled to a reduction. We find that the State was entitled to a reduction, but that it failed to prove what the amount of the reduction was.
The facts were stipulated. Vallery was injured on March 16, 1986, in the course and scope of her employment at Pinecrest State School. She was employed on May 9, 1974, and remained employed until October 12, 1986, at which time she took disability retirement from the Louisiana State Retirement System. Her disability retirement benefits amounted to $387.12 per month. She received $189.17 in weekly worker's compensation benefits from March 16, 1986, until April 7, 1988, at which time the State reduced her weekly benefits to $140.94 because she was getting disability benefits.
Vallery filed suit seeking reinstatement of her weekly compensation benefits to $189.17. She also asked for penalties and attorney's fees for the State's arbitrary reduction of her benefits.
The State's reduction of benefits was based on its interpretation of La.R.S. 23:1225 C(1), which at the time of Vallery's injury provided as follows:
C.(1) If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) oldage insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. (Underscoring Added.)
The trial court, noting that the conjunction between (c) and (d) in the statute was "and", interpreted the statute as did Lambert v. Bd. of Trustees Emp. Ret. Sys., 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988), to require the existence of all four sources of remuneration prior to allowing the employer a credit against the employee's worker's compensation benefits. The trial court also noted, in its reasons for judgment, that the statute had been amended by Act 454 of 1989, effective January 1, 1990, changing the conjunctive "and" to a disjunctive "or." However, the trial court believed that the amendment was substantive and applicable only prospectively.
*1382 After the trial court's judgment in this case, this circuit held that the amendment was retroactive. Matthews v. City of Alexandria, 587 So.2d 799 (La.App. 3rd Cir. 1991), writ granted on other grounds, 592 So.2d 1285 (La.1992). In Matthews, we relied on the Fourth Circuit's holding in Blanson v. State, Dept. of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1142 (La.1991), which held, in distinguishing Lambert, supra, that the legislative change of Acts 1989, No. 454, effective January 1, 1990, accurately reflected the original meaning and intent of the statute, and was to be applied retroactively. See, also, Cousins v. City of New Orleans, 580 So.2d 536 (La.App. 4th Cir.1991), writ granted, 584 So.2d 1145 (La. 1991), on remand, 594 So.2d 1107 (La.App. 4th Cir.1992).
All members of the five-judge court sitting in the present case agree that the amendment to La.R.S. 23:1225 C(1) is retroactive. All five of us also agree that the State was entitled to a credit for the disability retirement benefits it paid Vallery. We disagree on whether the State proved the amount funded by it under the disability plan. The majority of us conclude, as this opinion reflects, that the State, which had the burden of proof, put on no evidence to establish the proportion funded by it for the disability feature of Vallery's disability retirement benefit. Because of the State's failure to bear its burden of proof, we affirm the trial court's judgment denying a reduction of its workmen's compensation liability. Our explanation follows.
The State seeks a reduction under La.R.S. 23:1225 C(1)(c), which allows a credit for "[b]enefits under disability benefit plans in the proportion funded by an employer." Other statutes (La.R.S. 11:212 and 461 B) make it clear in this case that the disability retirement monthly benefit that Vallery was receiving was both a disability benefit and a retirement benefit. In other words, she was getting early retirement on account of disability. Her disability, not her age, triggered her entitlement to retirement. When she became disabled, she was vested for retirement but was not eligible because she had not attained retirement age. By statute, her disability made her eligible.
While disability benefit plans reduce worker's compensation benefits under La. R.S. 23:1225 C(1), retirement benefits do not. Cousins, supra, 584 So.2d at 1146. See, also, Domingue v. Hartford Ins. Co., 568 So.2d 221 (La.App. 3rd Cir.), writ denied, 571 So.2d 654 (La.1990), and McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App.2d Cir.1991).
At the trial, Glenda Randall, assistant director of the Louisiana State Employee's Retirement System, testified that Vallery had to work 10 years and pay for 10 years into the retirement system to be eligible for disability retirement. The 10 years was a threshold requirement. After that 10 years, she was vested. Thereafter she would become eligible for retirement on the happening of certain conditions, one of which was medical disability. Ms. Randall further explained that Vallery was 56 years old and had 12-½ years of service when she took disability retirement in 1987. In four more years she would have been 60 and eligible for regular retirement.
The statutory law confirms the accuracy of Ms. Randall's testimony. According to La.R.S. 11:212, an employee who has at least 10 years of creditable service in the Louisiana State Employees Retirement System, who becomes disabled while in service, can receive disability benefits. La.R.S. 11:461 B explains how the disability benefit is to be determined: the "disability retirement benefit ... shall be equivalent to the regular retirement formula without reduction by reason of age."
The substitution of disability for age as a triggering device for retirement eligibility is a feature of the Louisiana State Employees Retirement System that is somehow funded. Article X, § 29, of the Louisiana Constitution mandates the actuarial soundness of State retirement systems. By some means, therefore, the disability feature of early retirement is actuarially calculated into the funding requirements. Because this must be so, the part of the funding that goes to pay for the disability *1383 feature of the retirement system can be actuarially ascertained.
In the present case the State claimed a reduction for the full amount of the benefits it was paying under the disability retirement feature of the system. Its evidence was that the State paid 8% into the retirement fund of Vallery, while Vallery contributed 7%, equaling a total of 15%. The State argues that its contribution of 8%, or 8/15, results in its contribution being 54% of the total contributions to retirement. By multiplying Vallery's monthly retirement benefit by 12, then dividing by 52, the State calculates that her weekly retirement benefit equals $89.34 (monthly disability benefit of $387.12). From this it concludes that 54% of this figure, or $48.24, is the amount of the offset it is entitled to deduct from the $189.17 per week being paid in weekly worker's compensation benefits.
The problem with the State's argument is that it wants to take credit for funding the retirement as well as the disability features of the payment. The State presented no evidence at the trial to extricate the funding of the disability feature of Vallery's monthly benefit from the funding of the retirement feature of her monthly benefit. It is only for its proportion of funding of the disability benefit that the State is entitled to a reduction. Cousins v. City of New Orleans, supra. The State may not lump its funding for retirement benefits and disability benefits together and claim a reduction for the full amount.
Where the employer claims a reduction under La.R.S. 23:1225 C(1), the employer has the burden of proof to show the amount of that reduction. Holmes v. International Paper Co., 559 So.2d 970 (La. App.2d Cir.1990). It was incumbent on the State to prove the proportion of its funding for disability benefits, in order to gain the offset. There is no testimony in this record that gives us a clue as to what part of Vallery's monthly disability retirement benefit was disability funded, and what part was retirement funded. It would have been relatively easy for the State to have produced expert actuarial testimony to establish the proportion of its funding of Vallery's disability benefit. It simply failed to do so.
Because we recognize that the State was entitled to a credit for the disability retirement benefits paid to Vallery, there is nothing inconsistent between our opinion herein and the Supreme Court's per curiam in Matthews v. City of Alexandria, 592 So.2d 1285 (La.1992). However, for the reasons given above, we expressly disagree with what another panel of this court did with Matthews on remand. 602 So.2d 731 (La. App.3d Cir.1992).
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
COREIL, J., dissents for the reasons assigned by GUIDRY, J.
GUIDRY, Judge, dissenting.
In my view, the State correctly calculated the deduction to which it is entitled under La.R.S. 23:1225 C(1). The record clearly establishes that Vallery is receiving disability retirement benefits and the amount contributed by the State to fund this benefit, i.e., 8%. The record clearly establishes that, although plaintiff was vested in the retirement system, she was not eligible for regular retirement when she commenced receiving disability retirement benefits. As Judge Plotkin correctly observed in his dissent in Cousins v. City of New Orleans, 580 So.2d 536 (La.App. 4th Cir.1991), writ granted, 584 So.2d 1145 (La.1991), "... The plaintiff cannot choose the disability pension for one purpose and the retirement pension for another, depending upon which best serves his purposes. He must be bound by the consequences of his choice to accept a disability pension for all purposes, whether or not it is beneficial to him". I cannot agree with the observation of the majority that the disability feature of retirement under the Louisiana State Retirement System is "some how funded" by the State separate and apart *1384 from regular retirement and "... the part of the funding that goes to pay for the disability feature of the retirement system can be actuarially ascertained". Vallery's and the State's contributions together funded her participation in the retirement system which, after vesting, allowed Vallery early retirement as a result of disability. She elected to receive disability retirement benefits and the State is entitled to credit against the SEB being received by her for the benefits paid in the proportion funded by the State. Further, at the very least, the trial court and my brethren of the majority clearly err in awarding penalties and attorney's fees. In my view, under the circumstances, the State's reduction of the benefits being paid to Vallery pursuant to La.R.S. 23:1225 C(1) was neither arbitrary nor capricious. For these reasons, I respectfully dissent.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.