liLOBRANO, Judge.
This consolidated case involves twelve firefighters who were injured during the course and scope of their employment with the New Orleans Fire Department. Each plaintiff has been receiving worker’s compensation benefits and benefits from a firefighters’ pension fund. Plaintiffs filed their original petitions against the City of New Orleans alleging that the City improperly reduced their compensation benefits by the amounts received from the pension fund. In their petitions, plaintiffs characterized the funds received from the pension fund as retirement rather than disability. Initially, the City argued that these funds were disability plan benefits for which the City is entitled to a credit against its compensation obligation under R.S. 23:1225 C(l).
This case was originally tried in 1989. On May 29, 1990, the trial judge rendered judgment in favor of plaintiffs and against the defendant reinstating full compensation benefits from the date the benefits were terminated or reduced, until further notice. Because the trial judge found that R.S. 23:1225 C(l) was inapplicable, she ruled that the City should not have reduced plaintiffs’ worker’s compensation benefits by any amounts received by them from the pension fund. In her reasons for judgment, the trial judge found that our holding in Lambert v. 2Board of Trust Employees Retirement System, City of New Orleans, 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988) was controlling.
In Lambert, we held that the credit allowed in R.S. 23:1225 C(l) was applicable only when an employee received benefits from all four sources listed in that statute rather than from only one of those sources. Although R.S. 23:1225 C(l) was amended in 1989, subsequent to the date of the Lambert decision, to provide that compensation benefits can be offset if an employee receives benefits from any one of the four sources listed in that statute, the trial judge held that the amendment, which became effective on January 1, 1990, constituted a substantive change in the law and did not have retroactive effect.
Subsequent to the trial court’s May 29, 1990 judgment, but prior to submission of the appeal of that judgment to this court, we decided Blanson v. State, Dept. of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1142 (La.1991), and held that the 1989 amendment should be applied retroactively.[1] Relying on Blanson, *506 we reversed the trial court in the first appeal of this case. Dupre v. City of New Orleans, 579 So.2d 496 (La.App. 4th Cir 11991),⅞ writ denied, 584 So.2d 679 (La.1991). However, because the record in that appeal did not establish whether the benefits being received by plaintiffs, in addition to worker’s compensation benefits, were from a disability plan or a retirement plan, we remanded with the following instructions:
“[B]ecause the record in this case is unclear as to whether the benefits received by appellees other than worker’s compensation benefits are retirement plan benefits or disability plan benefits, this case must be remanded to the trial court for a determination on this issue. If the second source of benefits is from a retirement plan, then the City is not entitled to offset its payment of worker’s compensation benefits. However, if the second source of benefits is from a disability plan, then the City is entitled to offset its payment of worker’s compensation benefits under LSA-R.S. 23:1225 C(l) and the trial court must determine the amount of this offset based on the amount of disability plan benefits received by each appellee.”
On remand, evidence was presented which established that the benefits being received by all twelve plaintiffs, in addition to worker’s compensation benefits, were disability plan benefits. Plaintiffs admit that they chose to receive benefits from a disability pension.
The trial judge rendered judgment on March 14, 1994 in favor of the City and against the plaintiffs, dismissing their claims and holding that the City was entitled to offset its payment of worker’s compensation benefits under R.S. 23:1225 C(l). The trial judge did not issue written reasons for judgment and the judgment did not state the amount of the offsets due to the City for disability plan benefits received by each plaintiff. The plaintiffs now appeal that judgment.[2]
On appeal, the plaintiffs raise two assignments of error:
14.1) the trial judge erred in failing to abide by the remand order of this court ordering her to determine the amount of offset due to the City for the plaintiffs who are receiving disability benefits in addition to worker’s compensation benefits; and
2) the trial judge erred in failing to follow the ruling in Cousins v. City of New Orleans, 608 So.2d 978 (La.1992), which was decided during the pendency of this action, and the City was arbitrary and capricious in failing to recognize its applicability.
We discuss each assignment in reverse order.

ASSIGNMENT OF ERROR 2:

While the instant ease was pending on remand, Cousins v. City of New Orleans, supra, addressed, for the first time, the issue of whether the credit extended by R.S. 23:1225 C(l) is applicable when the employee is also eligible for tenure-based retirement benefits, in an equal amount as disability benefits, under the same plan that provides the disability benefits. In Cousins, a firefighter was injured on the job after working for twenty-two years for the New Orleans Fire Department. At the time of his injury, the firefighter’s right to tenure-based retirement benefits had become fully vested. Although he would have received the same amount of benefits whether he retired under the disability plan or the retirement plan, he chose to retire under the disability plan because of certain tax advantages.
*507 The Louisiana Supreme Court noted that there is no mention in R.S. 23:1225 C of a credit for tenure-based retirement benefits. The Court also noted that although the plaintiff chose a disability pension, he “could have taken early retirement then without prejudice to his right to receive the full amount of worker’s compensation benefits payable because of his disability.” Cousins v. City 5of New Orleans, supra, at 980. The Court held that because the R.S. 23:1225 C credit is inapplicable when an employee retires under the tenure-based retirement plan, the credit is also inapplicable when the employee chooses a disability pension even though he is eligible for retirement with the same amount of benefits under the tenure-based retirement benefit plan. Cousins v. City of New Orleans, supra at 981.
The rationale and result of the Cousins decision is clear. If the plaintiff had chosen to receive the retirement benefits, they would not have been credited against his compensation benefits. Merely because he chose disability benefits because of tax reasons is insufficient reason to apply the credit. There was no detriment to the Fund if plaintiff had transferred from receiving disability benefits to retirement benefits to which he was equally entitled. Thus, under those circumstances, the credit would not be due the City.
The City cites this court’s decision in Kelty v. Brumfield, 559 So.2d 907 (La.App. 4th Cir.1990), writ denied, 565 So.2d 939 (La.1990), in its argument that the Cousins holding cannot be applied in this case. The City asserts that because we stated in our earlier decision that it is entitled to an offset for disability benefits, this holding constitutes the law of the case and cannot be reconsidered. We find Kelty to be distinguishable from the instant case and disagree with the City’s position.
In Kelty v. Brumfield, 534 So.2d 1331 (La.App. 4th Cir.1988), writ denied, 536 So.2d 1221,1222 (La.1989), this court made a definitive ruling on a contested issue, i.e. whether a plaintiff was entitled to future medical expenses in excess of the $500,000.00 limitation imposed by the medical malpractice statute. We held that future medical expenses were part of the statutory limitation. Shortly | (¡thereafter, the Supreme Court, in Williams v. Kushner, 549 So.2d 294 (La.1989) ruled that future medical expenses were excluded from the limitation. The Kelty plaintiff then filed a rule to fix future medical expenses based on the decision in Williams. On writ application by the Louisiana Patient’s Compensation Fund we held that our previous determination was the law of the ease and constituted res judicata. We stated that “[t]his court definitively and without qualification disposed of the merits of the issue of future medical expenses.” 559 So.2d at p. 909.
In the instant case, the issue previously before us was whether an employee must receive renumeration from all four sources listed in R.S. 23:1225 C(l) before the city was entitled to a credit. We held that receipt of renumeration from any one source would entitle the City to an offset. We remanded for a determination of the disability offset due the City. The issue raised and decided in Cousins was not raised nor decided in our previous decision in this matter. Consequently, there is no law of the case which controls nor is res judicata applicable. Simply put, we did not consider the Cousins issue in our previous ruling.
We hold that the Cousins decision clarified a specific factual situation in order to determine if the La.R.S. 23:1225 C(l) credit is applicable. Cousins clearly stated it is not applicable where the employee is entitled to tenure based retirement benefits equal to the disability benefits he is actually receiving. That holding must be applied to the instant case, and thus the trial court erred in failing to consider its rationale when rendering judgment on remand.
The evidence before us establishes that the following plaintiffs who are receiving disability benefits in addition to worker’s compensation benefits were 17also eligible for tenure-based retirement benefits, but chose to instead receive disability benefits: 1) Melvin Collongues, 2) Louis Gentry, 3) Philip Grafe, 4) Louis Pouey, 5) Dennis Schuling-kamp, and 6) Joe Wilder. The uncontradiet-ed deposition testimony of Bernard Nicolay, *508 the secretary/treasurer of the New Orleans Fire Fighter’s Pension and Relief Fund, established that if a disabled firefighter is eligible for tenure-based retirement benefits, the amount of benefits he can receive will be the same whether the firefighter chooses to receive benefits under the retirement pension or the disability pension. Accordingly that portion of the trial court judgment awarding the City a credit against its worker’s compensation obligation based on the disability benefits received by those plaintiffs is reversed. We must remand to the trial court for a determination of past and future worker’s compensation benefits owed to these plaintiffs because of the improper credit taken by the City.
However, we find no merit in the plaintiffs’ argument that the City’s failure to reinstate full worker’s compensation payments without offset to these six plaintiffs, after the Cousins case was decided, constituted arbitrary and capricious conduct. Because a legitimate question existed as to the retroactivity of the Cousins decision, the City was not arbitrary or capricious in waiting for this issue to be resolved before reinstating full worker’s compensation payments without offset to these plaintiffs.

ASSIGNMENT OF ERROR 1:

With respect to plaintiffs’ first assignment of error, we make the following determination. The remaining six plaintiffs are 1) Bruce Dupre, 2) Gerald Boesch, 3) Bryan Boudreaux, 4) David Dolive, 5) Gerald Ray-nal, and 6) |8Frank Staempfli. The trial court record establishes that none of these plaintiffs was eligible for tenure-based retirement benefits on the dates that each was injured. These plaintiffs have been receiving disability plan benefits, in addition to worker’s compensation benefits. The trial judge partially followed this court’s remand order in determining whether the benefits received by plaintiffs, other than worker’s compensation benefits, were from a disability plan or a retirement plan. The judge ruled, and plaintiffs concede, that these benefits are from a disability plan. Her ruling that the City is entitled to offset its payments of worker’s compensation payments under R.S. 23:1225 C(l) was correct as to plaintiffs Dupre, Boesch, Boudreaux, Dolive, Raynal and Staempfli.
However, the trial judge failed to abide by that portion of this court’s remand order which instructed her to determine the amount of the offset to which the City is entitled for disability plan benefits received by these plaintiffs.[3] Not only is there a failure to present this court with a formula and figures to review, but the evidence presented on remand is so incomplete that this court cannot determine from the record the offset to which the City is entitled for each plaintiff.[4]
The principal reason that the record is insufficient is the lack of any evidence as to the proportion of the disability benefit plan funded by the City for each of these plaintiffs.[5] The City claims in its appeal brief that the judgment of 19this court remanding the case did not require the City to present evidence as to its funding of the firefighters’ disability plan. We disagree. Our previous decision specified that the City’s entitlement to an offset is based on R.S. 23:1225 C(l) which states that compensation payments can be reduced by benefits under disability plans in the proportion funded by an employer. (Emphasis added).
The City also claimed in a pre-trial memorandum that Exhibit D-l offered by the City listed the contributions of the employees and the City to the Firefighters’ Pension Fund. *509 However, this exhibit merely shows the total sum contributed by all employees to the fund and the total sum contributed by the City for all members of the fund. No showing was made at trial or in the record as to the City’s contribution to each individual fireman’s pension plan.
The employer has the burden of proving the amount of the credit to which it is entitled under R.S. 23:1225 C(l). Matthews v. City of Alexandria, 619 So.2d 57 (La.1993). The City did not satisfy its burden of proof at the hearing on remand. The remand by this court ordered that a determination was to be made of the offsets allowed to the City if the funds received by plaintiffs were shown to be disability plan benefits. However, because the trial judge incorrectly indicated in her judgment and at the hearing on remand that the only issue before her court was whether the second source of benefits received by plaintiffs was from a disability plan or a retirement plan, we will allow the City another opportunity to prove the amount of the offset to which it is entitled under R.S. 23:1225 C(l) for plaintiffs Dupre, Boesch, Boudreaux, Dolive, Raynal and Staempfli. The clear wording of that statute and the jurisprudence establish that the City’s burden of proof includes proving the proportion of the disability plan funded by the City for each of these plaintiffs.
| ipAccordingly, for the reasons stated above, that portion of the trial court judgment allowing the City to offset its worker’s compensation payments to plaintiffs Melvin Collongues, Louis Gentry, Philip Grafe, Louis Pouey, Dennis Schulingkamp and Joe Wilder based on disability benefits paid to these plaintiffs is reversed. This case is remanded to the trial court for a determination of the past and future worker’s compensation benefits owed to these six plaintiffs by the City. The trial court is also ordered to determine the amounts to be reimbursed to these plaintiffs by the City for offsets previously taken against its worker’s compensation payments to these plaintiffs.
That portion of the trial court judgment allowing the City to offset its worker’s compensation payments to plaintiffs Bruce Dupre, Gerald Boesch, Bryan Boudreaux, David Dolive, Gerald Raynal, and Frank Staempfli based on disability benefits paid to these plaintiffs is affirmed. However, the case as to these six plaintiffs is remanded to the trial court for the introduction of additional evidence and a determination of the amount of the offset to which the City is entitled under R.S. 23:1225 C(l). The trial court should make a determination of that portion of the disability payments to each plaintiff attributable to the City’s funding, and apply the credit accordingly.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. Prior to the 1989 amendment, R.S. 23:1225 C(l) stated as follows:
“If an employee receives remuneration from: (a) benefits under the Louisiana worker’s compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker’s compensation benefits, then *506 compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury.” (Emphasis added).
In Blanson we noted that the 1989 amendment to that statute merely changed the word "and” which precedes subsection (d) to "or”. We concluded that there was no substantive change merely a clarification of intent.

. In brief, the City poses the argument that there is no evidence to even support plaintiffs' entitlement to worker’s compensation. However, that was never an issue in the first appeal of this matter, nor did the City answer this appeal so as to make a viable issue. It will not be considered.

. Perhaps the remand order could have been clearer as to the necessity of determining the exact offset due the City for each claimant.

. The trial court judgment merely dismissed plaintiff’s claims and recognized the City's entitlement to "offset its payment of worker's compensation benefits under LSA R.S. 13:1225 C(l)."

.Vague references to a December 1993 hearing date are made by the trial judge at the October 18, 1993 trial on remand and by plaintiffs in their appeal brief. The suggestion by both is that a hearing was to be held in December 1993 for the purpose of allowing the City to prove its contributions to plaintiffs’ disability pension funds. However, the record on appeal does not contain a transcript of a hearing in December 1993.