581 So.2d 291 (1991)
William P. BEHMKE
v.
K-MART CORPORATION.
No. 90-CA-792.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1991.
Rehearing Dismissed June 10, 1991.
*292 Joseph G. Albe, New Orleans, for plaintiff-appellee.
Diane K. Zink, Ryan & Willeford, New Orleans, for defendant-appellant.
Before KLIEBERT, GAUDIN and GOTHARD, JJ.
KLIEBERT, Judge.
In 1988 the trial court rendered judgment awarding supplemental earnings benefits, penalties, and attorney fees to injured worker, William P. Behmke. Thereafter, on December 13, 1989, on an appeal by K-Mart, Inc., this Court affirmed the trial court's grant of supplemental benefits but modified the trial court judgment to limit benefits to one hundred four weeks, pursuant to LSA-R.S. 23:1221(3)(d)(iii).[1] See Behmke v. K-Mart, Inc., 555 So.2d 51 (5th Cir.1989). However, we rejected K-Mart's request, based on R.S. 23:1225(C)(1), for a credit against weekly benefits for old age benefits being received by the injured worker under the Social Security Act because *293 K-Mart, Inc. did not make a judicial request for the credit in the trial court, but rather urged it by brief in this Court for the first time. K-Mart applied to the Supreme Court for a writ of review of this Court's opinion. On March 9, 1991, on a four-three vote, the Supreme Court denied the writ application.
Thereafter, on plaintiff's motion, filed pursuant to R.S. 23:1331(C),[2] the trial court modified the original judgment to provide Behmke was now temporarily and totally disabled. Under R.S. 23:1331, the employee is not permitted to litigate his original condition, but must show a change in his compensable condition, such as a progression, deterioration, or aggravation of the condition, achievement of disabling character by a previously asymptomatic complaint, appearance of new and more serious features or a failure to recover within the time originally predicted. Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La. 1985). On the evidence submitted the trial court found Behmke's disability had increased due to "his age and pain" and as a consequence was no longer able to perform any services other than those so limited in quality, dependability, or quantity, that a reasonable stable market for them did not exist. The district court found Behmke could not work without pain and thus was temporarily totally disabled under the odd lot doctrine and ordered K-Mart to pay temporary total disability benefits to plaintiff during the period of disability commencing with the date of trial, August 2, 1990.
Upon filing of Behmke's motion for modification, K-Mart, Inc. amended its original answer to request a credit or offset for old-age benefits received by Behmke under the Social Security Act. The trial judge rejected any reduction or offset of any of Behmke's temporary total disability benefits based on his receipt of Social Security benefits.
K-Mart devolutively[3] appealed the August 2, 1990 judgment and on appeal urges the following errors:
1) Plaintiff failed in his burden of proof to show a modification of the award was proper;
2) The district court erred in not applying the amendment to LSA-R.S. 23:1221(1)(b), effective January 1, 1990;
3) The district court erred in finding plaintiff fit the odd lot doctrine because he lives rent and utility free;
4) The district court erred in failing to credit against temporary total disability benefits the employee's receipt of old-age retirement benefits, in accordance with LSA-R.S. 23:1225(C)(1);
5) The district court erred in admitting into evidence the medical report of Dr. Raymond McKnight in lieu of his live testimony.
For the reasons which follow, we affirm the trial court.
It is settled law in this State that a "....reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable." Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978); Estopinal v. National Tea Co., 545 So.2d 1133 (5th Cir.1989). A plaintiff's uncontradicted evidence of pain can support a finding of substantial and appreciable pain. id. In evaluating evidence, a trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection and these factual findings are to be given great weight. id. Johnson v. Ins. Co. of N. *294 America, 454 So.2d 1113 (La.1984). Whether an employee's pain is substantial enough to render him disabled within the meaning of the worker's compensation law is a question of fact to be determined by the trier of fact. Randall v. St. Paul Fire and Marine Ins. Co., 470 So.2d 301 (5th Cir.1985). In evaluating evidence, a trier of fact should accept as true uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection and these factual findings are to be given great weight. id.
At the start of trial, the district judge ruled the medical report of Dr. McKnight submitted on behalf of plaintiff was admissible under the facts of this case. Although the defendant had filed a memorandum in limine in opposition to allowing the report, there was no objection lodged to the court's ruling that the report was admissible. Thus, defendant cannot now argue on appeal that the ruling was in error. LSA-C.C.P. Article 1635; Schoonmaker v. Capital Towing Co., 512 So.2d 480 (1st Cir.1987), writ denied, 514 So.2d 458 (La. 1987); Sider v. Robin Temporary Service, 515 So.2d 1123 (5th Cir.1987), writ denied, 519 So.2d 146 (La.1988).
Nevertheless, whether we consider the report or not, in our view plaintiff clearly carried his burden of proof in the district court. Plaintiff's uncontradicted testimony was that since the September 1988 trial, his arm has gotten progressively worse. Plaintiff testified of his suffering from arm spasms and "seizures"like a charley horse. He takes over-the-counter, anti-inflammatory drugs that relieve his constant and daily pain until the medication wears off. However, the medication causes nausea which limits the amount of medication he can take. Unfortunately, the increased pain requires more medication now than in September 1988.
Plaintiff testified he has earned no salary or wage since February 1989. His numerous job applications have been turned down except for one four-day job with Winn-Dixie. The constant and extreme pain forced plaintiff to quit that job. He has earned no wage and has received no benefits, except worker's compensation and social security benefits, in two years.
Also, plaintiff testified he temporarily lives rent and utilities free in a dwelling in Key West, Florida. The property is for sale and plaintiff lives there to discourage vandals until the property is sold. He does no labor and cannot even take out the garbage or vacuum without experiencing pain.
The only contra evidence to plaintiff's evidence presented by defendant was the testimony of Beverly Mann, an expert vocational rehabilitation specialist. Ms. Mann testified there were positions available to plaintiff in both New Orleans and Key West. However, her survey was based on plaintiff's condition in September 1988, combined with her reading of Dr. McKnight's reports and not based on his condition's progressive deterioration since that time. Thus, we find the trial court properly discounted her testimony. Hence, applying the standard of review we are required to follow and the requirement of R.S. 23:1331 to the facts contained in the record, we cannot say the trial judge erred in concluding the plaintiff was temporarily and totally disabled.
Additionally, we find no error in the trial court's application of LSA-R.S. 23:1221. The applicable version of the statute is as follows:
"Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total.
(a) For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.

*295 (b) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required."
Defendant contends the trial court erred in applying the "odd-lot" doctrine because the amendment to R.S. 23:1221, which became effective January 1, 1990, abolished the basis for the doctrine. We disagree. The statute applicable to a particular injured worker is the one in effect on the date of injury. See Houston v. Kaiser Aluminum and Chemical, 531 So.2d 1129 (4th Cir.1988). Because plaintiff's disability increased due to his increased pain on or about September 1989, the version of section 1221 applicable to plaintiff's injury is that quoted above. Under this provision the trial judge properly applied the "Odd-Lot" doctrine.
Moreover, even considering the January 1, 1990 version of R.S. 23:1221[4] as applicable, we disagree with defendant's contention that plaintiff's living arrangement constitutes employment or self-employment to preclude temporary total disability payments. Thus, we find no error in the district court's application of the law.
Finally, defendant argues the district court erred in failing to apply a credit for social security benefits received by plaintiff. We disagree. LSA-R.S. 23:1225(C)(1), applicable on the date of injury, provided:
"If an employee receives remuneration from:
(a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plan in the proportion funded by an employer, and (d) any other worker's compensation *296 benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury."
While the version of R.S. 23:1225(C)(1), above quoted, was in effect for the statute to apply, the employee must have received remuneration from all four sources, rather than from only one of the four sources. Lambert v. Board of Trustees Employees' Retirement System, City of New Orleans, 517 So.2d 1282 (4th Cir.1987) writ denied 519 So.2d 771 (La.1988). The present version of R.S. 23:1225(C)(1) which changed the conjunctive "and" to "or" did not become effective until January 1, 1990, which was after Behmke's condition had deteriorated to render him temporarily totally disabled.
Moreover, we note Behmke was retired and receiving social security benefits when he began working for K-Mart. There is no evidence of record that K-Mart contributed to the social security benefits received by plaintiff. In fact, he received social security in addition to his wages. The credit provided for under the revision of R.S. 23:1225(C)(1) applies only "to the extent not funded by the employee." Although we do not rely on it, given the circumstances involved here, a plausible argument could be made that the statutory credit is not applicable because the employee individually and through his predecessor employers funded the payments.
For the foregoing reasons, we affirm the judgment of the trial court. Defendant is to bear all costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1221(3)(d)(iii) provides, in pertinent part:

"(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
. . . . .
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks."
[2] LSA-R.S. 23:1331(C) provides as follows:

"At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1."
[3] Defendant attempted to perfect a suspensive appeal. However, since he did not timely file his bond we can only consider the appeal a devolutive one.
[4] LSA-R.S 23:1221 provides as follows:

§ 1221. Temporary total disability; permanent total disability; supplemental earnings benefits; permanent partial disability; schedule of payments
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (1)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
(d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3.
Amended by Acts 1988, No. 938, § 1, eff. Jan. 1, 1989; Acts 1989, No. 454, § 6, eff. Jan. 1, 1990.