JOSEPH E. COREIL, Judge Pro Tem.
This consolidated appeal was originally filed by the City of Alexandria, defendant and appellant herein, from a judgment in favor of Randy Matthews and James Nu-gent, plaintiffs and appellees herein.
FACTS
The facts are undisputed. Both Randy Matthews and James Nugent were injured while in the course and scope of their employment as firemen with the Alexandria Fire Department. Both plaintiffs were paid temporary, total disability benefits for a period of time, and both subsequently took disability retirement from the Alexandria Fire Department and began receiving disability retirement benefits from the Alexandria Fireman’s Pension and Relief Fund in an amount equal to two-thirds of their former monthly salaries.[1] Both plaintiffs’ weekly worker’s compensation benefits were terminated by their employer when they began receiving disability retirement benefits. Both plaintiffs made a demand upon defendant for weekly worker’s compensation benefits after termination of these benefits, which demand was rejected by defendant.
*732 PRIOR PROCEEDINGS
The judgment of the trial court awarded plaintiffs supplemental earnings benefits but disallowed the City of Alexandria’s prayer that it be granted a credit for employer-funded disability retirement benefits drawn by the plaintiffs. On appeal, we amended the judgment of the trial court[2] insofar as it failed to allow appellant a credit for disability retirement benefits paid plaintiffs. The Louisiana Supreme Court granted Matthews’ and Nugent’s writ of certiorari and remanded the action to this Court with an order to calculate the amount of the credit due the City of Alexandria in proportion to the City’s funding of the plan.
ISSUE
What is the proper amount of credit due the City of Alexandria, based upon the proportion of the plaintiffs’ retirement disability funded by the City?
DISCUSSION
Matthews was hired by the City of Alexandria on April 25, 1977, and contributed to disability retirement beginning in 1977, until his retirement in 1987. Nugent was hired August 18,1973, and likewise contributed until his retirement in 1987.
In conjunction with the deposition of Virgil Stanford, Jr., Director of Finance for the City of Alexandria, the City entered into evidence records substantiating the City’s contribution beginning May 1, 1977, through April 30, 1987. There were no records available for the time prior to that date. Exhibits outlined that, between 1978 and 1987, employee contributions equalled 25.48% of the pension fund while the employer’s contribution equalled 74.52% of the pension fund.
Therefore, the City of Alexandria is entitled to a 74.52% credit against Matthews’ weekly disability retirement benefits of $301.82 ($1,307.87 time 12 months divided by 52 weeks equals $301.82) or a credit of $224.89.
Additionally, the City is entitled to a 74.-52% credit against Nugent’s weekly disability retirement benefits of $302.74 ($1,311.89 times 12 months divided by 52 weeks equals $302.74) or a credit of $225.60.
Under this method of calculation, Matthews will receive $20.37 per week in worker's compensation ($245.26 (SEB) minus $224.89 (credit) equals $20.37) payments, in addition to his $301.82 weekly disability benefits, while Nugent will receive $22.70 in worker’s compensation ($248.30 (SEB) minus $225.60 (credit) equals $22.70) payments in addition to his $302.74 in weekly disability benefits.
In the interest of justice, we find that the use of this 10-year average of the employer’s contribution is fair and equitable in calculating the amount of credit due the City of Alexandria for disability retirement benefits drawn by Matthews and Nugent. Matthews was hired on April 25, 1977, and the record of employer contributions submitted into evidence began within a few days of Matthews’ employment, on May 1, 1977. Although Nugent was hired in 1973, nearly four years prior to the first records entered into evidence, we find from the records which were admitted (see Stanford # 5 attached) that an average of ten years is fair and equitable.
We amend our prior judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Randy Matthews and against defendant, City of Alexandria, Louisiana, in the sum of $245.26 per week as supplemental earnings benefits for a total of 520 weeks as provided by law for each week from October 2, 1986, together with legal interest from due date until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for all worker’s compensation benefits paid by it to Randy Matthews from October 2, 1986, through August 21, 1987, *733 at the rate of $245.26 per week, for a total of $9,872.43.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for any disability retirement benefits being paid to Randy Matthews since August 22, 1987, in the amount of 74.52% of said benefits, equalling $224.89 per week.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of James Nugent and against the City of Alexandria, Louisiana, in the sum of $248.30 per week as supplemental earnings benefits for a maximum of 520 weeks as provided by law for each week from October 31, 1987, together with legal interest from the due date of each payment until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for all worker’s compensation benefits paid by it to James Nugent from November 5, 1986, through October 31, 1987, at the rate of $248.30 per week, for a total of $10,180.30.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the City of Alexandria, Louisiana, is hereby given a credit for any disability retirement benefits being paid to James Nugent since October 31, 1987, in the amount of 74.52% of said benefits, equalling $225.60 per week.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the City of Alexandria, Louisiana, denying the claims of Randy Matthews and James Nugent for statutory penalties and attorney’s fees.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs, Randy Matthews and James Nugent, are ordered to pay all costs at the trial level and original appeal, and the City of Alexandria is ordered to pay all costs of these remand proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.[3]
[[Image here]]

. Matthews receives $1,307.87 per month in disability retirement benefits and Nugent receives $1,311.89 per month in disability retirement benefits.

. Matthews v. City of Alexandria, 587 So.2d 799 (La.App. 3 Cir.1991); Matthews v. City of Alexandria, 587 So.2d 802 (La.App. 3 Cir.1991); Nu-gent v. City of Alexandria, 587 So.2d 803 (La.App. 3 Cir.1991); writs granted, 592 So.2d 1285 (La.1992).

. Separate opinions will be rendered this date in the consolidated cases of Randy Matthews v. City of Alexandria, 602 So.2d 733 (La.App. 3 Cir.1992), and James Nugent v. City of Alexandria, 602 So.2d 734 (La.App. 3 Cir.1992).