605 So.2d 1384 (1992)
Ola Mae SPINKS, Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF HEALTH & HUMAN RESOURCES, Defendant-Relator.
No. 90-741.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Fuhrer, Flournoy, George Flournoy, Alexandria, for plaintiff-appellant.
Stafford, Stewart, Grove Stafford, Alexandria, for defendant-relator.
*1385 Before DOUCET, YELVERTON and CULPEPPER,[*] JJ.
YELVERTON, Judge.
Ola Mae Spinks, the plaintiff, lost her case for worker's compensation benefits in the district court and appealed to us. In late 1991, we reversed the district court's denial of benefits. Because all of the issues had been tried and the record was complete, we decided the case, ordering the State to pay benefits, penalties, and attorney's fees. 591 So.2d 423.
The State applied for writs to the Supreme Court. The application was granted in part, and the Supreme Court remanded the case to us "... solely to consider relator's claim for a credit for disability payments under La.Rev.Stat. 23:1225c(1)." 595 So.2d 648.
We asked for briefs and set the matter down for arguments, and the case is now before us for decision.

MOTION TO REMAND
Before considering the issue which the Supreme Court remanded the case to us to consider, we have to first consider a motion that has been made by the State asking that we, in turn, remand this matter to the district court for further evidence. The State alleges in its motion that there is not sufficient evidence in the record to show the amount and percentage of retirement benefits paid into the fund by the State and the employee for this court to make a decision in accordance with the mandate of the Supreme Court.
We agree that there is not sufficient evidence. However, the same request was made by the State in its application for writs to the Supreme Court. In its application for writs, the State alternatively prayed for a remand to the district court for the taking of further evidence. Since the Supreme Court did not remand the case to the district court but, rather, remanded it to us for a consideration of the issue, we interpret our instructions to be that we consider the issue on the posture of the present record.

CREDIT FOR DISABILITY BENEFITS
There are two parts to the issue before us. The first is whether the State was entitled to a credit. The second is, if a credit was due, did the State prove the amount of that credit?
The provisions of La.R.S. 23:1225 C(1) provide that compensation benefits shall be reduced, absent an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, if the employee is receiving remuneration from any one of the following four sources:
(a) Benefits under the Louisiana Worker's Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other worker's compensation benefits.
The State argues in the present case that Spinks is receiving benefits under a disability benefit plan, and that it should be allowed a credit in the proportion that it funds the disability benefit plan.
The State's evidence in the trial court, presented in support of its claim for a credit, consisted solely of the amount of the monthly disability retirement benefit that Spinks was being paid. The State then rested its case as to that issue.
Spinks had been employed for over 11 years and was 54 years old when she became disabled. She was receiving $406.78 per month in disability retirement benefits. According to La.R.S. 11:212, a vested employee, i.e., one who has a minimum of 10 years in the retirement system, can take a disability retirement if the employee becomes disabled before reaching the minimum retirement age of 60. Non-vested *1386 employees are not eligible for disability benefits. According to La.R.S. 11:461(B), the disability retirement benefit shall be equivalent to the regular retirement formula without reduction by reason of age.
The record thus shows that Spinks was vested. She was entitled to a disability retirement benefit based on 11 years of service. Because a non-vested employee is not eligible for a disability retirement, it is actuarily certain that a substantial part of Spinks' monthly benefit was a retirement benefit. On the other hand, because she did not have to wait until she reached the normal retirement age to become eligible, her early eligibility was an added feature of her retirement on account of her disability. To that extent, it was a disability benefit.
While disability benefit plans reduce worker's compensation benefits under La. R.S. 23:1225 C(1), retirement benefits do not. Cousins v. City of New Orleans, 584 So.2d 1145 (La.1991). See, also, Domingue v. Hartford Ins. Co., 568 So.2d 221 (La. App. 3rd Cir.), writ denied, 571 So.2d 654 (La.1990), and McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App. 2d Cir.1991).
A five-judge court in this circuit in Vallery v. State of Louisiana Through Department of Health & Hospitals, 605 So.2d 1380 (La.App. 3rd Cir.1992), recently addressed a similar situation where a state employee was drawing disability retirement benefits at the same time as she was drawing worker's compensation benefits. We held that the State was entitled to a credit for benefits paid under its disability benefit plan in the proportion funded by it. However, we affirmed the denial of a credit because we found that the State had failed to prove the proportion of its funding of the disability feature of the benefit.
At the trial in the present case the State proved only the total of the disability retirement income. It made no effort to separate the benefit into its component features of disability and retirement. From an actuarial standpoint this can and must be done before the State can establish the amount of the disability benefit funded by the employer.
The State had the burden of proof. Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990). We have considered the State's claim for a credit for disability payments under La.R.S. 23:1225 C(1). It was entitled to a credit, but it failed to prove what the credit was. Its claim is rejected.
CULPEPPER, J. Pro Tem., dissents and assigns reasons.
CULPEPPER, Judge, dissenting:
The sole issue before us in this worker's compensation case is whether the state is entitled to credit against worker's compensation benefits, for the amount it is paying to plaintiff in disability retirement benefits. The majority quotes from R.S. 23:1225 C(1)(c) that credit must be given for "Benefits under disability benefit plans in the proportion funded by the employer." They then correctly conclude the state is entitled to credit, but only in the proportion the disability plan is funded by the state.
However, since in the present case the state proved only the total disability benefits being paid to plaintiff, and not the proportion funded by the state and by the employee, the majority denies any credit.
A similar issue was presented in Vallery v. State of La., through Dept. of Health & Hospitals, 605 So.2d 1380 (La.App. 3 Cir. 1992), decided by a 5 judge panel of this court. The facts are different in that in Vallery the evidence showed the state contributed 8% and the employee 7% to the retirement fund, whereas here no proportion is proved. The majority opinion held that while disability benefits reduce worker's compensation payments, regular retirement benefits do not; that although the evidence does not show it, a portion of the state's 8% must go into a special disability fund and a portion into the regular retirement fund, and the state gets credit only for the portion that goes into the special disability fund. Since the state did not prove these separate funds, the majority held it was not entitled to any credit.
*1387 The dissent by two judges takes the position there is no separate fund for disability benefits, that the amount contributed by the state is 8% and the state gets credit for 8%. The dissent points out that the benefits being paid are "disability" benefits, paid by the Louisiana State Employee's Retirement System. The dissent says it is all one fund, and plaintiff had the choice of retiring early on disability retirement benefits, or waiting until she could retire on regular benefits. They quote from a dissenting opinion by Judge Plotkin in Cousins v. City of New Orleans, 580 So.2d 536 (La.App. 4 Cir.1991) writ granted, 584 So.2d 1145 (La.1991) that "The plaintiff cannot choose the disability pension for one purpose and the retirement pension for another."
I agree with the dissent in the Vallery case. However, since in the present case the state did not even prove the employee contributes 7% and the state 8%, we need some expert actuary testimony as to the difference, if any, between the disability retirement fund and the regular retirement fund, in order to decide the intent of the legislature in R.S. 23:1225 C(1)(c) where it states credit is given for "Benefits under disability plans ..."
In view of the uncertainty as to the intent of the legislature, and the apparent indecision in the Supreme Court and the Courts of Appeal, I think we should grant the state's motion to remand for evidence as to the proportion funded by the state, into whatever fund is being used to pay plaintiff's benefits. This would be fair, and would be in the interest of judicial economy. I think the Supreme Court's remand to us implies that we can remand to the trial court if we think necessary.
For the reasons assigned, I respectfully dissent.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.