617 So.2d 1347 (1993)
Walter V. NUGENT, Plaintiff-Appellee,
v.
DEPARTMENT OF HEALTH & HUMAN RESOURCES, Defendant-Appellant.
No. 92-587.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
*1348 Joseph Texada Dalrymple, Alexandria, for plaintiff-appellee.
Paul Boudreaux Jr., Alexandria, for defendant-appellant.
Before DOUCET, YELVERTON and COOKS, JJ.
COOKS, Judge.
This is an appeal filed by the State of Louisiana, through the Department of Health and Human Resources, protesting a hearing officer's partial denial of a "disability credit" claimed pursuant to LSA-R.S. 23:1225(C)(1). Walter Nugent, a State employee, sustained a work related injury. He received workers' compensation benefits in the amount of $181.70 per week until June 29, 1990 when the State unilaterally elected to reduce his benefits to $143.71. The reduction was made because Mr. Nugent was receiving disability retirement benefits.
The hearing officer reinstated Mr. Nugent's full benefits from the date of discontinuance to the effective date of the 1991 amendment to LSA-R.S. 23:1225(C)(1). The officer ruled the State was entitled to a credit of $37.99 for disability benefit payments after the amendment. Further, she awarded Mr. Nugent $500.00 in attorney's fees for the State's arbitrary and capricious reduction of the benefits prior to the amendment. On this appeal, the State urges the officer should have allowed it to take the disability credit from the date Mr. Nugent started receiving retirement benefits; and he should not have ordered payment of attorney's fees. Mr. Nugent answered the appeal arguing the hearing officer erred in allowing any offset against his workers' compensation benefits for benefits paid to him under the State's early retirement plan.
At the time of plaintiff's injury in 1989, LSA-R.S. 23:1225(C)(1) read as follows:
"C. If an employee received remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old age insurance benefits received under Title II of the Social Security Act to the *1349 extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) an other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury."
This statute has been amended twice since the date of Mr. Nugent's injury. Prior to these amendments, the court in Lambert v. Bd. of Trustees Emp. Ret. Sys., 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988) held the conjunctive between subparts (c) and (d) in this section was "and;" thus requiring the existence of all four sources of remuneration before an employer was entitled to a credit against workers' compensation benefits. Act 454 of 1989, effective January 1, 1990, changed the conjunctive "and" to the disjunctive "or." Pursuant to this amendment an employer was entitled to claim an offset against workers' compensation benefits if the injured worker received other benefits from any of the sources listed in the statute, including "benefits under disability benefit plans." In Matthews v. City of Alexander, 587 So.2d 799 (La.App. 3rd Cir.1991), writ granted on other grounds, 592 So.2d 1285 (La.1992), on remand, 602 So.2d 731 (La.App. 3rd Cir.1992), this court applied the amendment retroactively finding it simply reflected the original meaning and intent of the statute. See also Blanson v. State, Dept. of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1142 (La.1991). Relying on Matthews, supra, we again applied the 1989 amendment to La.R.S. 23:1225(C)(1) retroactively in Vallery v. State, 605 So.2d 1380 (La.App. 3rd Cir.1992), writ denied, 609 So.2d 225 (La.1992). We consider the issue regarding the retroactive application of this amendment well settled in the jurisprudence. The State was entitled to a credit for disability benefits paid to Mr. Nugent in proportion to the amount funded by it.
We disagree with the hearing officer's finding that the statute remained ambiguous and unenforceable after this amendment because the use of the words "if" later followed by "shall" made it "nonsensical." We simply are unable to articulate any rational basis for the hearing officer's continued confusion and failure to understand the meaning and intent of the statute, particularly considering our earlier holdings. The 1991 Amendment to LSA-R.S. 23:1225(C)(1) did not delete the "if" or "shall" from the provision. This amendment did not change the meaning of the statute. The hearing officer's contrary finding was clearly wrong. Therefore, at all times pertinent to the present inquiry, the State was entitled to a credit for disability benefits actually paid to Mr. Nugent.
However, LSA-R.S. 23:1225(C)(1)(c) only allows a credit for "benefits under disability benefits plans in the proportion funded by an employer." In Vallery v. State, supra, and Spinks v. Department of Health & Human Services, 591 So.2d 423 (La.App. 3rd Cir.1991), writ granted on other grounds, 595 So.2d 648 (La.1992), on remand, 605 So.2d 1384 (La.App. 3rd Cir.1992), this court clearly explained the statute places the burden of proof on the employer to establish the proportion funded by it for the disability feature of early retirement benefits. This burden of proof requirement is also well settled in the jurisprudence. We said:
"According to La.R.S. 11:212, an employee who has at least 10 years of creditable service in the Louisiana State Employees Retirement System, who becomes disabled while in service, can receive disability benefits. La.R.S. 11:461B explains how the disability benefit is to be determined: the `disability retirement benefit ... shall be equivalent to the regular retirement formula without reduction by reason of age.'
* * * * * *

*1350 The substitution of disability for age as a triggering device for retirement eligibility is a feature of the Louisiana State Employees Retirement System that is somehow funded. Article X, § 29, of the Louisiana Constitution mandates the actuarial soundness of State retirement systems. By some means, therefore, the disability feature of early retirement is actuarially calculated into the funding requirements. Because this must be so, the part of the funding that goes to pay for the disability feature of the retirement system can be actuarially ascertained.
* * * * * *
Where the employer claims a reduction under La.R.S. 23:1225 C(1), the employer has the burden of proof to show the amount of that reduction. Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990). It was incumbent on the State to prove the proportion of its funding for disability benefits, in order to gain the offset." Vallery v. State, supra, 605 So.2d at 1382-1383.
The record reveals Mr. Nugent was employed by the State on August 18, 1976. He was entitled to disability retirement benefits based on approximately thirteen (13) years of service. As noted in Spinks, supra, "a non-vested employee is not eligible for disability retirement." Consequently, a substantial portion of Mr. Nugent's monthly benefits are wholly attributable to the "retirement funds" contributed to the State Employee Retirement System. The remaining portion results from payment made to the Retirement System in the likelihood that an employee may become disabled prior to the age of retirement. This is an added benefit feature of the State's Retirement scheme. The funding required to pay for this feature may be actuarially calculated. In Vallery, supra, we held "the State may not lump its funding for retirement benefits and disability benefits together and claim a reduction for the full amount." It is only entitled to take a credit for that proportion of the funding paid for the "disability" benefits.
The State must prove by a preponderance of evidence the proportion of its funding for the disability benefits before the court is allowed to order an offset. Our examination of the record in this case discloses the State did not present any evidence at trial to establish what portion of the monthly retirement benefit payments were actually for disability as opposed to vested retirement benefits. The State argues, in brief, the parties stipulated to the amount of the offset. After carefully searching the record, we are unable to find any evidence of the alleged agreement. Mr. Nugent denied entering such a stipulation; and asserts he simply agreed that the State was claiming an offset in the amount of $37.99. Mr. Nugent strenuously argues he did not agree to the accuracy of this figure. Considering this dispute and the total absence of corroborating evidence in the record, we must find the State did not carry its burden of proof by establishing the amount of the disability offset. Although the State is clearly entitled to a credit for this amount, we are prevented from allowing it under the circumstances. Accordingly, Mr. Nugent is entitled to receive the full amount of workers' compensation benefits without any offset in favor of the State.

ATTORNEY'S FEES AND PENALTIES
We do not find the hearing officer manifestly erred in concluding the State's unilateral decision to reduce Mr. Nugent's benefits was arbitrary and capricious. An employer who elects to make such deductions without first seeking administrative approval or presenting proof of the disability amount at a subsequent hearing acts without authority and at its own risk. The State could have filed a request for modification of payments and in due course secured the offset on presenting sufficient proof.
The hearing officer should have awarded, additionally, 12% penalties that must be imposed if an employer's failure to pay full benefits is judged arbitrary and capricious. La.C.C.P. art. 2164. Mr. Nugent has requested reasonable attorney's *1351 fees for answering the appeal. We believe $500.00 is adequate to compensate the attorney for this work.

DECREE
For the foregoing reason, the judgment is amended reinstating Mr. Nugent's workers' compensation benefits in the amount of $181.70, without any credit in favor of the State, from June 29, 1990. Further, Appellee is awarded 12% penalty on the past due amounts and attorney's fees of $500.00 on appeal in addition to the $500.00 previously awarded at the administrative level. In all other respects the judgment is affirmed. Costs are assessed against defendant-appellant.
REVERSED IN PART; RENDERED IN PART; AND AFFIRMED IN PART.