GAUDIN, Judge.
The primary issue in this litigation is whether the provisions of LSA-R.S. 23:1225(C)(1), as amended in 1989 by Act 454, should be applied retroactively.
A judgment from the Office of Workers’ Compensation, District 7, citing and relying on Behmke v. K-Mart Corporation, 581 So.2d 291 (La.App. 5th Cir.1991), held that the changes brought on by the 1989 amendment (which became effective January 1, 1990) were not retroactive. The one-word amendment inserted the conjunctive “and” in place of the word “or.”
For the following reasons, we reverse the appealed-from workmen’s compensation judgment. The Supreme Court of Louisiana has made it quite clear that the amendment is to be applied retroactively and that the Behmke holding on this issue and other Louisiana cases[1] in agreement with Behmke are no longer valid.
In the instant case, Willie Walker was injured on January 27, 1987 while working within the scope of his employment with the Parish of Jefferson. Since that time, he has been disabled. From January 28, 1987 through January 17, 1990, he was paid $250.33 per week for temporary total disability; and from January 18, 1990 through June 6, 1990, he received $250.33 per week for permanent partial disability.
The Parish reduced Walker’s weekly benefits, effective June 6, 1990, to. $44.81 per week because Walker then was receiving payments under a disability retirement plan, funded 98.08 per cent by the Parish, in the amount of $1,129.81 monthly. On April 10, 1991, Walker’s compensation benefits were terminated because the Parish felt it was entitled to a credit, in accord with the *1383 amended statute, for the payments being made under the disability retirement plan.
Walker filed this suit seeking restoration of compensation benefits plus penalties, attorney fees and interest. He has not received comp payments since April 10, 1991. The appealed-from judgment reinstated compensation payments at $250.33 from June 6, 1990 to the present time and beyond but denied penalties and attorney fees.
Before Act 454 of 1989 became law, R.S. 23:1225(C)(1) stated that an employer could reduce compensation benefits if the employee received remuneration from (a) benefits under the Louisiana worker’s compensation law, (b) old age insurance benefits under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under a disability benefit plan in the proportion funded by the employer and (d) any other worker’s compensation benefits. For a reduction to take place, it appeared that the employee must be receiving remuneration from all-four sources. This Court so held in Behmke v. K-Mart Corporation, supra.
Act 454 amended the statute by changing the “and” to “or,” thereby clearly permitting a reduction if the employee received income from any of the four listed sources. The statute now reads:
“If an employee received remuneration from: (a) benefits under the Louisiana workers’ compensation law, (b) old age insurance benefits received under title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefits plans in the proportion funded by an employer, or (d) any other worker’s compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and employer liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury.”
(Underlining provided.)
Since Behmke, which denied a retroactive application of the amendment, the Supreme Court of Louisiana has taken a contrary view.
In Matthews v. City of Alexandria, 592 So.2d 1285 (La.1992), the Supreme Court, in a Per Curiam opinion, ordered a remand to the Third Circuit “... to determine on the record the credit, if any, due the City of Alexandria.” The Court noted, in this opinion, that the Third Circuit had correctly concluded that the city was entitled to a credit for the disability retirement benefits paid to the employee.
Later in 1992, the Third Circuit handed down Vallery v. State Department of Health & Hospitals, 605 So.2d 1380 (La.App. 3 Cir.1992), wherein all members of a five-judge panel held that the one-word amendment to R.S. 23:1225(C)(1) was retroactive. The Supreme Court denied writs.
In Matthews v. City of Alexandria, 619 So.2d 57 (La.1993), referred to in the submitted briefs as Matthews II, the Supreme Court said this in footnote 7 at page 60:
“This section was amended by Act 454 of 1989, effective January 1, 1990, to substitute the word “or” for the word “and” before subsection (d). . This was in response to several court decisions, including the trial court’s decisions in these consolidated cases, holding that for the statute to apply remuneration must be received from all four sources listed in the statute. Lambert v. Bd. of Trustees Emp. Ret. Sys., 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988). The amendment has been held to be retroactive and to evidence the true intent of the legislature when the statute was originally passed. Credit is allowed for remuneration from any of the four sources. Blanson v. State, Dept. of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1142 (La.1991); Matthews v. City of Alexandria, 587 So.2d 799 (La.App. 3rd Cir.1991), writ granted and remanded 592 So.2d 1285 (La.1992), with the comment that the court of appeal correctly held that the City is entitled to credit for disability benefits paid to the employee in the proportion funded by the City.”
*1384 We therefore remand this case to District 7 to determine the precise amount of the credit due the Parish. The parties are bound by the terms and conditions of the stipulation voluntarily entered into which states, in part, that Walker’s disability retirement plan was in fact funded 98.08 per cent by Jefferson Parish.
REVERSED AND REMANDED.

. Including Lutz v. Jefferson Parish School Board, 565 So.2d 1071 (La.App. 5 Cir.1990).