JjDECUIR, Judge.
This case is atypical in that the defendant-appellant, Floyd Joe LeBlanc, seeks to reverse the hearing officer’s finding of permanent and total disability apparently to prevent the application of La.R.S. 23:1225(A). Classification of an employee as temporarily and totally disabled is insufficient to invoke the “offset” provisions of the statute.
The appellee, The Home Indemnity Company, moved to modify Mr. LeBlanc’s status to claim an offset against his social security disability benefits. The hearing officer found that Home met its burden, proving by clear and convincing evidence that Mr. LeBlanc’s disability status is total and permanent and granted judgment decreeing Home to be entitled to a social security offset pursuant to La.R.S. 23:1225(A). Mr. LeBlanc appeals contending the hearing officer erred in awarding Home entitlement to an offset where Mr. LeBlanc was not receiving benefits from “all” the sources fisted in La.R.S. 23:1225(C)(1); in finding Mr. LeBlanc is not a candidate for rehabilitation; |2and in finding Mr. LeBlanc totally and permanently disabled. We affirm for the following reasons.
At the time of Mr. LeBlanc’s injury in 1988, LSA-R.S. 23:1225(0(1) read as follows:
“C.(l) If an employee receives remuneration from: (a) Benefits under the Louisiana worker’s compensation law; (b) old-age insurance benefits received under Title 2 of the Social Security Act to the extent not funded by the employee, (c) benefits under the disability benefit plans in the proportion funded by an employer, and (d) any other worker’s compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. (Emphasis Supplied).”
This statute has been amended twice since the date of Mr. LeBlanc’s injury. Prior to these amendments, the court in Lambert v. Bd. of Trustees Emp. Ret. Sys., 517 So.2d 1282 (La.App. 4th Cir.1987), writ denied, 519 So.2d 771 (La.1988) noted the conjunctive between subparts (c) and (d) in this section was “and”, thus requiring the existence of all four sources of remuneration before an employer was entitled to a credit against work *360 er’s compensation benefits. Act 454 of 1989, effective January 1, 1990, changed the conjunctive “and” to the disjunctive “or.” Pursuant to this amendment an employer is entitled to claim an offset against worker’s compensation benefit payments if the injured worker received other benefits from any of the sources listed in the statute. Citing the Lambert decision and Behmke v. K-Mart, 581 So.2d 291 (La.App. 5th Cir.1991), decisions holding the later amendments to LSA-R.S. 23:1225(C)(1) should not apply retroactively, appellant points out that Mr. Le-Blanc’s injury pre-dated the effective dates of the amendments and argues the hearing officer erred in granting the employer’s offset claim for social security benefits paid to him because he is not receiving remuneration from all four sources listed in the statute. In Matthews v. City of Alexandria, 587 So.2d 799 (La.App. 3d Cir.1991), writ granted on other grounds, 592 So.2d 1285 (La.1992), we did not follow the Fourth Circuit Court of Appeal’s holding in Behmke v. K-Mart, supra. Instead, in applying the January 1, 1990 amendment to LSA-R.S. 23:1225(C)(1), we stated it simply reflected the original meaning and intent of the statute. Relying on Matthews, supra, we again applied the amendment to an offset claim retroactively in Vallery v. State, 605 So.2d 1380 (La.App. 3d Cir.), writ denied, 609 So.2d 225 (La.1992) and Nugent v. Dept. of Health and Human Resources, 617 So.2d 1347 (La.App. 3d Cir. 1993). As stated in Nugent, “We consider the issue regarding the retroactive application of this amendment well settled in the jurisprudence.” Accordingly, Mr. LeBlanc’s first assignment of error is without merit. The hearing officer correctly found that Lake Charles Dodge and its insurer are entitled to a credit for social security disability benefits paid to Mr. LeBlanc “under Title 2 of the Social Security Act to the extent not funded by the employee” if he is permanently and totally disabled from performing any gainful employment.
Mr. LeBlanc’s remaining assignments of error involve findings of fact which are not to be disturbed absent a finding of manifest error. Great deference is to be accorded the hearing officer’s findings and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Virgil v. American Guarantee & Liability Ins. Co., et al, 507 So.2d 825 (La. 1987); Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). Applying this standard, we find no error in the hearing officer’s finding Mr. LeBlanc totally and permanently disabled and not a candidate for rehabilitation.
In 1988, while working as a mechanic for Lake Charles Dodge, Mr. LeBlanc sustained a back injury which has required two surgical interventions. After the first surgery, Mr. LeBlanc developed a condition known as arachnoiditis, inflammation of the nerves within the spinal canal. By all medical accounts, Mr. LeBlanc suffers persistent pain associated with arachnoiditis and ^arthritic changes which have progressed since the accident. Mr. LeBlanc’s mental health also has appreciably deteriorated because of pain and feelings of hopelessness resulting from his confinement and inability to return to the workplace. The record indicates that the parties do not dispute that Mr. LeBlanc suffers from a total disability condition, and that his arachnoiditis and arthritis conditions are permanent.
Mr. LeBlanc relies heavily upon the opinion of Dr. Harper Willis, a psychiatrist, in support of his position that he is not totally and permanently disabled. Dr. Willis testified Mr. LeBlanc is a candidate for implantation of a spinal cord stimulator and spinal pump which Dr. Willis believes may decrease the pain Mr. LeBlanc is suffering and aid his return to sedentary employment after rehabilitation. The stimulator, through controlled release of medication, blocks pain impulses from reaching the brain. Based upon our review of the record, we agree with the hearing officer’s finding that the suggestion, advanced by this psychiatrist, that a spinal cord stimulator and pump would decrease Mr. LeBlanc’s pain enough to return to sedentary employment is “speculative at best.” There is no indication that Mr. LeBlanc’s condition will improve enough for him to return to work. In fact, the record reflects that Mr. LeBlanc’s treating physician, Dr. William F. Foster, Jr., a neurosurgeon, is of the opinion that Mr. LeBlanc has serious *361 problems with his neck and back; his condition will probably worsen; and Mr. LeBlanc is disabled from returning to gainful employment. Furthermore, Dr. Foster testified that Mr. LeBlanc’s condition is such that he cannot risk “any additional trauma of any sort,” and any such trauma could result in paralysis. Dr. Foster also testified that a stimulator would do “nothing” for the instability of Mr. LeBlanc’s back. It is Dr. Foster’s opinion that any attempt at rehabilitation would not be successful. We conclude that appellee, The Home Indemnity Company, met its burden of proof and clearly and convincingly established Mr. LeBlanc to be totally and permanently disabled.
I ^Affirmed. Costs of appeal are assessed against defendant-appellant.
LABORDE, J., concurs and assigns written reasons.
COOKS, J., dissents and assigns written reasons.