689 So.2d 522 (1997)
Buford WILLIS, Plaintiff-Appellee,
v.
GRAY SALES & SERVICE, INC., Defendant-Appellant.
No. 96-748.
Court of Appeal of Louisiana, Third Circuit.
January 22, 1997.
Writ Denied April 18, 1997.
*523 David L. Wallace, De Ridder, for Buford Willis.
Michael J. Remondet, Jr., George K. Knox, Lafayette, for Gray Sales & Service, Inc.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
THIBODEAUX, Judge.
Defendant, Gray Sales and Service, Inc., appeals a judgment of the Office of Workers' Compensation precluding its availment of offsets under La.R.S. 23:1225(A) and 23:1225(C)(1)(c) for social security benefits plaintiff, Buford Willis, was receiving. The accident giving rise to Mr. Willis' claim occurred before the relevant amendment to La.R.S. 23:1225, thus raising the issue of whether the 1983 amendment applies retroactively or prospectively. We affirm the hearing officer's judgment finding that La. R.S. 23:1225(A) is inapplicable since there was no indication that Mr. Willis suffered from total and permanent disability and that La.R.S. 23:1225(C)(1)(c) is to be applied prospectively.

I.

ISSUE
The issues presented for appeal are whether La.R.S. 23:1225(A) applies to effectuate an offset for social security benefits and whether the 1983 amendment to La.R.S. 23:1225 applies retroactively or prospectively.

II.

FACTS
On January 14, 1983, Buford Willis was injured in the course and scope of his employment with Gray Sales and Service, Inc. As a result of the accident, Mr. Willis underwent medical treatment, but did not resume work. Gray Sales filed a disputed claim with the Office of Workers' Compensation on August 11, 1994. The purpose of the claim was to receive an offset for the social security benefits Mr. Willis was receiving. On September 9, 1994, the Office of Workers' Compensation granted an ex-parte order recognizing Gray Sales' entitlement to the offset. Mr. Willis filed a motion requesting that the court vacate the order.
Both parties submitted briefs to the hearing officer presenting two issues for review, namely, whether Gray Sales was entitled to an offset pursuant to La.R.S. 23:1225(A) and whether it was entitled to a complete offset for all social security benefits received by Mr. Willis. In a judgment dated March 29, 1996, the hearing officer ruled that Gray Sales was not entitled to offsets under subsections (A) or (C)(1)(c) of La.R.S. 23:1225.

*524 III.

LAW AND ARGUMENT
Louisiana Revised Statute 23:1225(A) refers to reductions of benefits resulting from "injuries producing permanent total disability." The record lacks any indication that a prior determination of permanent total disability was made. Consequently, we agree with the hearing officer that this section does not apply to this offset dispute.
The focal point of this appeal is La. R.S. 23:1225, more specifically, whether the 1983 amendment of the Statute applies retroactively or prospectively. The 1983 amendment made minor stylistic changes to subsection (A) and added subsections (B), (C), and (D). Subsection (C)(1)(c) states in pertinent part that an employee's compensation benefits under the Louisiana Workers' Compensation Act will be reduced if he or she receives benefits under disability benefit plans partially funded by his or her employer.
We initially note that the accident giving rise to Mr. Willis' claim occurred on January 9, 1983, six months prior to the amendment to La.R.S. 23:1225. It is widely held that under Louisiana workers' compensation law, the law in effect at the time of the accident governs. Handy v. Richard's Cajun Country Food, 93-1537 (La.App. 3 Cir. 6/1/94); 640 So.2d 761. If we were to rely solely on this jurisprudential tenet, this appeal would quickly be resolved by stating that since the accident occurred prior to the July 1, 1983 amendment, the resulting changes would not apply. It is, however, not that simple in this case. This court must determine from a thorough analysis of La.R.S. 23:1225 and its 1983 amendment whether section (C)(1)(c) applies retroactively, as Gray Sales contends, or prospectively, as Mr. Willis contends and as the hearing officer held.
The first step in the analysis is to look at the statutory construction and wording to discern the legislative intent. Touchard v. Williams, 617 So.2d 885 (La.1993) underscored the importance of ascertaining the legislature's intent and rationale in enacting a statute. Nowhere in La.R.S. 23:1225 is any reference made to its retroactive application. Louisiana Revised Statute 1:2 states, "No Section of the Revised Statutes is retroactive unless it is expressly so stated." Also on the subject of retroactivity, La.Civ.Code art. 6 states,
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
Since there is no conclusive, express legislative intent included in La.R.S. 23:1225, we proceed to classify the amendment as substantive, procedural, or interpretive. From there, we can decide whether section (C)(1)(c) is to be applied prospectively or retroactively.
Our supreme court in Segura v. Frank, 93-1271, 93-1401 (La.1/14/94); 630 So.2d 714, 723, succinctly distinguished between substantive, procedural, and interpretive laws as follows:
Substantive laws establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment. (citations omitted.)
Analyzing La.R.S. 23:1225(C)(1)(c) in light of these three categories leads to the finding that the 1983 amendment created substantive law.
Like sections (B) and (D), section (C) and all of its subparts address areas not addressed by the pre-amendment La.R.S. 23:1225. Essentially, it places limitations on an injured employee's recovery that did not exist before July 1, 1983. Otherwise stated, before the amendment, an injured employee's recovery would not be reduced if he or she received remuneration from "benefits under disability benefit plans in the proportion funded by an employer ..." La.R.S. 23:1225(C)(1)(c). As the amendment created substantive changes, we find that the statute applies prospectively, thus precluding Gray Sales from receiving an offset pursuant to the amendment.
*525 In its brief, Gray Sales cites several cases to bolster its argument. Notably, however, these cases are only tenuously related. Not one specifically addresses the issue of the retroactive or prospective application of the 1983 amendment to La.R.S. 23:1225. While Walker v. Parish of Jefferson, 93-784 (La. App. 5 Cir. 2/9/94); 631 So.2d 1382, concerns the retroactivity of La.R.S. 23:1225(C)(1)(c), it discusses the 1989 amendment which merely substituted the disjunctive "or" with the conjunctive "and." Similarly, Matthews v. City of Alexandria, 619 So.2d 57 (La.1993), only discusses the 1989 amendment. Finally, although the focus in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841, was on the statute at issue in this appeal, the Louisiana Supreme Court there did not address its retroactive application since the crux of that case was an interpretation of the term "disability benefit plan," i.e., whether the statute covers social security disability benefits.
The 1983 amendment supplementing La. R.S. 23:1225 with sections (B), (C), and (D) is a substantive change for it does more than merely interpret the then existing law. The added subsections expand the then-existing law to create new limitations on an injured employee's recovery of benefits. According to La.Civ.Code art. 6, substantive laws apply prospectively only. As such, we find that the hearing officer was correct in her judgment that Gray Sales is precluded from receiving an offset under La.R.S. 23:1225(C)(1)(c).
Gray Sales also raises the issue of whether the hearing officer erred in not allowing a credit under La.R.S. 23:1221 for benefits previously paid to Mr. Willis, thus relieving it from any future liability for indemnity benefits. Gray Sales first directs our attention to the Form 1008 filed on its behalf. Under the "Basis of Dispute" section of the form is the following statement: "Modification of benefits currently being paid to claimant and for recognition of the right to Social Security offset." It is Gray Sales' contention that the first part of this statement was intended to serve as an assertion for the La.R.S. 12:1221 credit. Gray Sales further directs our attention to its Supplemental Pre-trial Brief in which it addressed this issue. We find this insufficient to establish that the issue was presented for the hearing officer's review since there is no proof in the record that the issue was presented for that purpose as it was not listed in the parties' joint submission of issues for adjudication and no evidence was submitted for consideration by the trier of fact.
An appellate court's scope of review is not unlimited. Uniform Rules of Court, Rule 1-3 states in pertinent part that, "... The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Because the issue of Gray Sales' entitlement to the La.R.S. 23:1221 offset was not included in the joint submissions for adjudication and no evidence was presented on this issue to the hearing officer, we decline its review and determination. This is not a case in which the interests of justice mandate our stepping outside the bounds of our scope of review.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed.
AFFIRMED.
DECUIR, J., dissents and assigns written reasons.
DECUIR, Judge, dissenting.
Based upon our well-established policy against duplication of benefits and the sound reasoning of our supreme court in Garrett v. Seventh Ward General Hospital, 95-0017 (La.1995); 660 So.2d 841, I would reverse the hearing officer's ruling. The majority chooses to ignore the well-established policy against duplication of benefits. Although Garrett is not on point, its reasoning is clearly applicable to the case sub judice. In 1978, the Workers' Compensation Act was amended to require a reduction in compensation benefits when the weekly amount, when combined with social security payments would otherwise cause a reduction in payments under *526 social security. The 1983 amendment at issue extended the concept of credit to other forms of benefits that might accompany workers' compensation benefits. The purpose of both the 1978 and 1983 amendments was to avoid duplication of benefits. Contrary to the majority's statement, limitations on an injured employee's recovery did exist prior to the 1983 amendment. Because social security benefits were already subject to an offset at the time of plaintiff's accident, La.R.S. 23:1225 C(1)(c) should be applied retroactively.
Feeling strongly that the hearing officer's ruling is contrary to the policy enunciated by our supreme court, I dissent.